18  831
75   97

## MALCOM S. McALPIN v. J. H. FINCH.

The affidavit to a petition for *certiorari* to a Justice's Court, may be made by the agent or attorney of the petitioner.

A bond for *certiorari*, to which the name of the party appears to be signed by attorney, whose authority is not shown, (but where the bond has been approved by the proper officer) is *prima facie* the deed of the party and sufficient.

See this case for evidence as to partial failure of consideration of a promissory note, negotiable on its face, which was held not to be sufficient to throw upon the plaintiff the burden of proving that he gave value for the note.

Appeal from Grimes. Tried below before the Hon. Peter W. Gray.

Suit by appellee against appellant, commenced before a Justice of the Peace on the —— day of September, 1854, on a promissory note as follows :

$100.                    Madison, Texas, May 25th, 1853.

On the first day of January, 1854, I promise to pay to John T. Holt, or order, the sum of one hundred dollars, for value received.

Signed by the defendant, and indorsed to the plaintiff, without date. Judgment for defendant. Case removed by *certiorari* to the District Court. The petition for *certiorari* was sworn to by the attorney of the plaintiff, and no cause was stated why it was not made by the party. The bond for *certiorari* was signed "J. H. Finch, by A. S. Richardson, atty." and by two sureties, and was approved by the Clerk of the District Court. The defendant moved to dismiss the *certiorari* on the ground,

1st. That the affidavit to the petition was not made by the party but by his attorney.

2d. That the bond was not executed by the party, but by his attorney, and no authority shown.

Motion to dismiss overruled.

The evidence was as follows : note and indorsement read by plaintiff.

B. C. Franklin. for defendant, testified that he was employed by the defendant, as attorney to assist in a suit filed in the District Court, in Orange county, by the defendant, to obtain a divorce. The suit was filed by John T. Holt for McAlpin. Malcom McAlpin gave his note to witness for one hundred dollars, which he subsequently paid. Holt and witness were the only attorneys employed in the case for plaintiff. Holt filed the petition for the plaintiff ; he was present at the Fall Term, 1853, and assisted in the suit; he was not present at the Spring Term, 1854, when the case was tried, and rendered no services on the trial of the case. Was present at the Fall Term, 1853, when an interlocutory order was made for the payment of alimony, on motion of counsel for defendant in the suit for divorce ; witness argued the ‧ motion in behalf of the plaintiff. Witness does not know that John T. Holt was ever employed by McAlpin in any other case than the case for divorce. That was the only case on the docket in which McAlpin was a party. My recollection is, that Holt had charged a fee of twenty-five dollars when he brought the suit. Whether McAlpin gave him a note for the twenty-five dollars I do not know ; subsequently, and after I had been employed, and after a conversation between Holt and witness in relation to the case and the fee I had charged McAlpin, McAlpin and Holt made another or further agreement about Holt's fee. I think that McAlpin gave his note to Holt for one hundred dollars, though I have no recollection of having seen the note, which was given for the professional services of Mr. Holt in the suit for divorce.

Richardson, attorney for plaintiff, called by defendant, testified that the defendant said at the trial in the Justice's Court that he had given a note for twenty-five dollars and one for one hundred dollars, the one sued on, to Holt for his profes-

sional services to be rendered in his suit for divorce, and that he said he was willing to pay the twenty-five dollar note whenever it was presented ; that he had not paid either of the notes, but was willing to pay the twenty-five dollar note ; that note was not presented to him.

The Judge charged the jury, without request, as follows ,

When a negotiable note is transferred to a third party, the law presumes it was done before due and for value ; a third party, holder of a note, transferred before due for value, takes it free from all defences between the original parties ; and the burden of proof does not fall on the plaintiff until it is shown that there is fraud in the making or putting the note in circulation, or that the consideration was illegal, or that there was a want of consideration for it originally. In case either of these defences were shown, then the plaintiff would be required to prove that he gave value for it. But the defence of failure of the consideration for the note does not require such proof of value paid for the note by the third party. He is entitled to recover on the note unless the defendant shows by proof to your satisfaction, 1st. that the consideration failed ; and, 2d. either that it was transferred fraudulently or without value, or else, after it was due, or that the plaintiff knew of the defence when he took it.

Verdict and judgment for the plaintiff, motion for new trial overruled, &c.

*J. B. & G. A. Jones,* for appellee.

WHEELER, J. We do not think it absolutely essential that the affidavit to a petition for *certiorari* should be made by the party in person. It may be deemed the affidavit of the party within the intention of the law, for the purpose of obtaining the writ, if made by one representing him as his agent or attorney. The practice has been to construe this proceeding liber-

ally, in furtherance of the remedy ; and to require no more than a substantial compliance with the law.

We do not think the objection to the bond tenable. *Prima facie* it is the deed of the party.

The material question in the case is, whether, upon proof of the failure of consideration, the plaintiff was under the necessity of accounting for his possession of the note, or proving that he gave value for it. This question was determined upon a review of the authorities, and we think satisfactorily, in the case of Knight v. Pugh. (4 Watts & Serg. 445.) It was held that in a suit by the indorsee against the maker, (upon a note indorsed before maturity, and without notice of any defence) the plaintiff cannot be called on to prove consideration until the defendant has shown it was obtained by fraud or undue means. The Court drew this distinction : " In cases other than " those of negotiable notes obtained or put in circulation by " fraud or undue means, the maker, by its negotiable character, " agrees that the payee shall put it in circulation. He has no " right, therefore, to complain of his own act ; and a holder " placing confidence in such paper ought not to be compelled to " prove consideration * * * It is otherwise where there is " fraud, because there the maker gives no such authority." So far as regards the want of consideration, the Court said, the latest authorities go to exclude it from the ·class of cases in which the defendant may call on the plaintiff to show the consideration. (Id. 447, and cases cited.)

If the plaintiff did not give value for the note, that, if shown, will let in his defence of a want or failure of consideration, or any other matter of defence he would have had against the note in the hands of the payee. This is the general principle, and it is affirmed by the Statute. (Hart. Dig. Art. 2521.) But we do not understand the Statute as affecting, or as intended to affect the question of the burden of proof. That is left to rest upon the rules of the law of evidence, as before. The general rule in ordinary cases is, that the holder is presumed

to be *prima facie* a holder for value. (Story on Prom. Notes, Sec. 196 ; Story on Bills, Sec. 193, 415 ; 14 Tex. R. 354.)

In this case there does not appear to have been a total failure of consideration ; and we think the proof touching the consideration not sufficient to throw upon the plaintiff the burden of proving that he gave value for the note.

The judgment is affirmed.

Judgment affirmed.