## UNION CENT. LIFE INS. CO. v. AUSTIN et al.

### No. 2703.

Court of Civil Appeals of Texas. El Paso. July 14, 1932.

Rehearing Denied Sept. 12, 1932.

Collins & Houston and Ben Chilton, all of Dallas, for appellant.

Wm. M. Cramer, John E. V. Jasper, and Shelby S. Cox, all of Dallas, for appellees.

WALTHALL, J.

Appellant, as plaintiff in the lower court, filed this suit against E. Maxwell Austin and Ineta Austin, wife of E. Maxwell Austin, and also against Mrs. Esther S. Austin, mother of E. Maxwell Austin, to recover a balance due on a note originally for the sum of $4,000, but which had been credited with payments aggregating the sum of $758.47, and to foreclose a deed of trust lien on lot 16 in block 3/649 Ross avenue addition to the City of Dallas. It alleged that said $4,000 note and said deed of trust were executed in renewal and extension of a $1,400 note executed by appellee and E. Maxwell and Ineta Austin, and $2,600 of a $2,900 note executed by E. Maxwell Austin and Ineta Austin in satisfaction of a mechanic's and materialman's lien in favor of A. E. Britton, for repairs on the house on said lot 16.

The note for $1,400 and the lien securing same were executed by E. Maxwell Austin and his wife, Ineta Austin, and also by appellee, Mrs. Esther S. Austin, on the 1st day of July, 1926. The $2,900 note, part of which entered into and became part of the $4,000 note herein sued on, was executed by E. Maxwell Austin and his wife, Ineta Austin, in favor of A. E. Britton on the 26th day of March, 1927, and was given in settlement of a mechanic's and materialman's lien created against said lot on the 26th day of March, 1927. The said $1,400 note was executed by E. Maxwell Austin, Ineta Austin, and Mrs. Esther S. Austin, in favor of the Investment Securities Company on the 1st day of July, 1926, and by it transferred and assigned to the State Life Insurance Company on the 2d day of August, 1926, and by said State Life Insurance Company released in favor of Union Central Life Insurance Company on the 19th day of May, 1927, after E. Maxwell Austin and his wife, Ineta Austin, had executed a renewal and extension agreement and the $4,000 note in favor of Union Central Life Insurance Company which had furnished the money to pay off the said $1,400 note.

On the 22d day of September, 1923, before any of the transactions above referred to, Mrs. Esther S. Austin conveyed said lot to

E. Maxwell and Ineta Austin, reserving to herself the right to the use, occupancy, and enjoyment for and during her natural life. Said deed also provided that E. Maxwell and Ineta Austin should pay off and discharge certain obligations against said lot 1 of which was the $1,400 note above referred to. Plaintiff's suit was in the ordinary form of a suit on a note and foreclosure of a deed of trust lien securing such note. The answer of E. Maxwell and Ineta Austin to plaintiff's petition was a general demurrer and general denial. Defendant, Mrs. Esther S. Austin, answered by general demurrer and general denial, and then expressly pleaded her deed to E. Maxwell and Ineta Austin executed on the 22d day of September, 1923, pleading the terms thereof by which she reserved a life estate, and expressly pleading that the said $1,400 note which she had executed with E. Maxwell and Ineta Austin had been paid off and satisfied on or about the 19th day of May, 1927, and praying that her said life estate be freed from any lien or claim of lien asserted by plaintiff.

Plaintiff filed a supplemental petition in reply to the answer and cross-action of Mrs. Esther S. Austin. In its supplemental petition it pleaded, among other things, that Mrs. Esther S. Austin's life estate was liable for said $1,400, and that it furnished the money to pay said note then held by the State Life Insurance Company after same had been merged into the said $4,000 note executed by E. Maxwell and Ineta Austin in a renewal and extension of $2,600 of the $2,900 mechanic's and materialman's lien together with said $1,400, and that, by furnishing the money to pay off said $1,400 note, for which her life estate was liable, it had become subrogated to said $1,400 lien against her life estate, and had the right to foreclose its lien against said life estate in satisfaction of $1,400 of said $4,000 note, and pleaded further that the facts surrounding the making of the improvements on said lot by A. E. Britton were such as to estop Mrs. Esther S. Austin, who was feme sole, from denying that a lien existed in favor of said Britton for the improvements he made on said house under contract signed by E. Maxwell Austin and Ineta Austin creating a lien for improvements, but not signed by Mrs. Esther S. Austin. The plea of estoppel is rather lengthy, but the substance and effect of it is that Mrs. Esther S. Austin lived on the premises all the time the improvements were being made, and that she saw the mechanics at work on the house every day, and that she gave certain directions as to such improvements, but she made no inquiry as to who was having the work done or who was to pay for it, and she knew that her son was not able to have such improvements made without fixing a lien, and that Britton thought that he had a valid first lien on the

entire title and right in said lot, and was ignorant of the fact that Mrs. Esther S. Austin claimed any interest therein.

Defendant Esther S. Austin filed a first supplemental answer in reply to plaintiff's first supplemental petition. Issues thus joined, the court overruled all demurrers and exceptions, and, after hearing the evidence, entered judgment for plaintiff against E. Maxwell and Ineta Austin for the amount of its debt and a foreclosure of its lien as to all the estate of E. Maxwell and Ineta Austin in said lot, and subrogated plaintiff to the right of the State Life Insurance Company on the $1,400, which said $1,400 note was paid by plaintiff to said State Life Insurance Company, but credited the aggregate of all payments made by E. Maxwell Austin on the said $4,000 note, being the sum of $758.-47, on the $1,400 note to which plaintiff was subrogated, thus reducing the amount to which subrogation was given to $641.53, and requiring the sale of the remainder estate in the lot first before the foreclosure of the life estate of Mrs. Esther S. Austin, and requiring the application of money paid under foreclosure sale first to the settlement of the residue of $641.53 against the said life estate before any part of same should be applied on the $2,600 mechanic's and materialman's lien which was merged into the said $4,000 note. In other words, the judgment applied all payments that had been made on the payment of the amount for which it held the said life estate liable, and required that the money derived from foreclosure should first be applied to the payment of the residue against said life estate.

The Union Central Life Insurance Company prosecutes this appeal from that judgment.

### Opinion.

Appellant submits two propositions. They are stated at length, including much of what is included in the statement of the nature and result of the suit. The contention made by the first proposition is that the court erred in not holding Mrs. Esther S. Austin was estopped to deny the builders' and mechanic's lien against the property for the value of the improvements and in not entering judgment requiring her to pay said improvements or suffer the subjection of her said life estate to the payment thereof.

The court made no finding of fact, and appellant, under its proposition, quotes from the evidence to sustain its plea of estoppel based on the contention and the evidence that Mrs. Esther S. Austin saw appellant placing the improvements on the house in which she owned a life estate and in which she resided with her son and daughter-in-law, and failed to inform the contractor, A. E. Britton, of her claim or reservation of interest in the premises on which the improvements were

being placed. Appellant submits that equity required that she ascertain what improvements the contractor was placing on the property, and to inform him of her interest in the premises.

The deed from Mrs. Esther S. Austin to her son and daughter-in-law conveyed the lot in controversy, and in which deed she reserved to herself the "right to the use, occupancy, and enjoyment of the above described premises for and during her natural life." The deed was of record. She was occupying a part of the house. Prior to any improvements involved here placed on the property by the contractor, E. Maxwell Austin and his wife executed to the contractor, Britton, a mechanic's lien contract on said premises, and in connection therewith executed a note for $2,900 covering the value of said improvements. Without quoting the evidence, it is uncontroverted that appellee knew of the improvements then being placed on the property, but did not know of the mechanic's lien contract, and did not give her consent to it; did not know the value or extent of the work being done; told her daughter-in-law that her room (occupied by her) was all right for her as it was; while the floor of her room was fixed and the walls papered, she made no request that such be done, and had nothing to do with it. She testified that she did not know how the work was to be paid for, knew that her ex-husband gave her son money, and knew that her son had a good position at the time; did not know but what her son had already paid the contractor.

The evidence tends to show that for some time previous, and at the time the improvements were put on the premises, an estrangement existed between appellee and her son and daughter-in-law. She said in answer to the question: "If the house belonged to you why didn't you tell Mr. Britton that he was working on your house?" Answer: "It was my room, I lived in the room by myself. I have nothing to do with my son and his wife. I don't interfere with them."

The idea or notion which inheres in the word "estoppel" is that one who by his speech or conduct has induced another to act in a particular manner ought not to be permitted to adopt an inconsistent position, attitude, or course of conduct, and thereby cause loss or injury to another. The vital principle of estoppel is that he who by his language or conduct leads another to do what he would not otherwise have done shall not subject such person to loss or injury by disappointing the expectations upon which he acted. Texas Jurisprudence, vol. 17, p. 128, par. 2, and cases in notes. The elements or factors giving rise to estoppel are very clearly stated, with authorities, in the same volume at page 137, where it is said that, in order to establish responsibility or es-

toppel on the part of the defendant, the plaintiff must show: (1) That the defendant by speech or conduct led or induced the plaintiff to act in the manner in which he has acted; that is, in this case, that the contractor, Britton, acted not upon his own information but in reliance on Mrs. Austin's conduct in not informing him of her reserved interest in the property; (2) that, if the defendant is not compelled to maintain an attitude which is harmonious or consistent with his representations, the plaintiff will be prejudiced, that is, to constitute estoppel on the part of Mrs. Austin, it must be shown that the conduct of Mrs. Austin in not informing Britton of her interest influenced him to his prejudice; (3) that the defendant knew, or ought to have known, that the prejudicial situation would result from his statement or conduct, that is, that Mrs. Austin knew or is charged with having a superior knowledge of the prejudicial situation than Britton and by reason thereof could have avoided it; (4) that plaintiff did not have equal means with defendant to foresee the threatened harm. As said in some of the opinions there referred to, the mission of equitable estoppel is to protect the innocent and blameless, and, when loss occurs, to put the blame on the wrongdoer. To justify the conclusion that Mrs. Austin is the wrongdoer for not advising Britton of her interest in the property, it should be made to appear that she knew that he had no knowledge of her interest, that he would not have contracted as he did had he so known, and that she kept silent intentionally to mislead him into thinking that she had no interest.

The evidence does not justify such findings. Her deed was of record; she being in possession and occupying a part of the house at the time the contract was made, it was his duty to inquire of her the character and extent of her possession, if he did not know; there is no evidence to show that Mrs. Austin knew that Britton had not full knowledge of her interest, or that he would not have contracted had he known the condition of the title. She was in nowise a party to the contract for the improvements, and, while she knew that the work was being done, she testified she had no knowledge that a mechanic's lien had been given on the property, and did not know what work was to be done under the contract. The evidence tends to show that Mrs. Austin had reason to believe that her son could comply with his contract and pay for the work that was being done on the property. We have seen no element of estoppel in the evidence.

The second proposition suggests error in applying all of the payment of $759.47 as a credit on the $1,400 note secured by said life estate of Mrs. Austin, thus reducing the debt for which said life estate was pledged to $641.53, and in not applying said pay-

ment proportionately between the $2,600 secured by the builder's and mechanic's lien and the $1,400.

In this we think there was no error. The record shows that Mrs. Austin's son and daughter-in-law had assumed the payment of the $1,400 note, and the lien securing its payment was prior, if not superior, to the mechanic's lien note.

Finding no reversible error, the case is affirmed.