**R. V. KLIESING, Appellant,**

v.

**P. C. DEL BARTO et al., Appellees.**

No. 12858.

Court of Civil Appeals of Texas.

Galveston.

July 14, 1955.

Rehearing Denied Oct. 6, 1955.

Rucks, Enlow & Kee and Leland B. Kee, Angleton, for appellant.

Boone & Heard, James C. Boone, Dow H. Heard, and Eugene N. Catlett, Houston, for appellees.

HAMBLEN, Chief Justice.

This suit was instituted in the District Court of Harris County, by P. C. Del Barto, joined by James C. Boone, Trustee, against R. V. Kliesing, R. S. Johnson, Wm. B. T. Simmons, and Ray Hay, upon a promissory note in the sum of $28,000 executed by the named defendants, payable to the order of James C. Boone, Trustee, and by him endorsed to P. C. Del Barto. The trial resulted in a joint and several judgment against the defendants in favor of James

C. Boone, Trustee, and P. C. Del Barto for the amount of such note plus interest, and for foreclosure of a lien upon a voting trust certificate pledged to secure payment of same. From such judgment R. V. Kliesing alone has appealed.

The trial in the court below was to a jury, which, in response to special issues submitted, found that no valuable consideration was given by P. C. Del Barto to R. V. Kliesing for the execution and delivery of the $28,000 note, and further found facts to exist upon which appellant contends that he is entitled to an offset against the amount due upon the note in the sum of $10,000. Upon motion by appellee Del Barto, the trial court entered judgment non obstante veredicto in favor of appellee. The action of the trial court in disregarding such findings by the jury is the basis of appellant's two points of error. Appellee answers that the undisputed proof shows that the note sued upon is supported by a valuable consideration, and that the claim asserted by appellant as an offset had been fully and completely .released by him at the time of the execution of the note sued upon. After reviewing the record here presented, this Court is of the opinion that appellee is correct in his answering contentions, and that the judgment of the trial court must be affirmed. For that reason we deem it unnecessary to discuss appellees' counter point wherein it is contended that appellant waived any defense which he may have had to such note.

The material facts are substantially as follows: The appellee Del Barto, the appellant Kliesing, and the other makers of the note sued upon, who were defendants in the trial court, were stockholders in and directors of a corporation by the name of Regent Aircraft, Inc., which had been created for the purpose of manufacturing and selling aircraft. For some period of time prior to the execution of the note sued upon, such corporation had been in financial difficulties, being indebted to, among other creditors, a corporation known as Regent Aircraft Corporation, of Henderson, Texas, in the amount of $27,729.24 representing the purchase price of one airplane, and various machine tools. Various meetings were held among the directors and stockholders of Regent Aircraft, Inc., for the purpose of improving its financial condition. These meetings culminated in an agreement between the above named individuals which was reduced to writing in the form of a letter dated June 27, 1952. Because such letter is so material to the determination of this appeal, a copy thereof is attached as Exhibit A to this opinion.

█ As we understand the appellant's contention relative to his defense of failure of consideration, it is premised upon the proposition that P. C. Del Barto, the beneficial owner of the $28,000 note here sued upon, had individually guaranteed to the Regent Aircraft Corporation of Henderson the payment of the obligation due it by Regent Aircraft, Inc., and that therefore the $28,000 ostensibly loaned by him to the appellant and others, amounted to no more than the payment by him of a debt which he already owed. The record does not appear to this Court to sustain appellant's contention. When construed in the light most favorable to appellant's contention, it appears that the only obligation undertaken by appellee Del Barto relative to the debt due by Regent Aircraft, Inc., to Regent Aircraft Corporation of Henderson, was that of guaranteeing the return of the airplane and machine tools to the selling corporation, in the event of default in the payment of the purchase price by the buying corporation. It is undisputed in the record that at the time of the execution of the note sued upon Del Barto had caused the airplane to be redelivered to the Henderson corporation, and that the machine tools were in a Houston warehouse subject to his order for redelivery.

██ However, aside from the consideration represented by the $28,000 paid by appellee, it is well settled that it devolves upon one relying upon the defense of want of consideration to prove the absence of all the elements which, in law, may constitute a valid consideration. Shaw v. McShane, Tex.Com.App., 50 S.W.2d 278. When the agreement between the parties, evidenced by Exhibit A hereto, is examined, it is apparent that in addition to the sum of $28,000 advanced by Del Barto, the

note is additionally supported by the delivery by Del Barto of 114,000 shares of stock in Regent Aircraft, Inc., a release by Del Barto of any and all claims held by him against Regent Aircraft, Inc., the resignation of Del Barto as an officer and director of the corporation, and the delivery by Del Barto of all books and records belonging to Regent Aircraft, Inc. The record proves without dispute the performance of each of such undertakings by Del Barto. Appellant therefore has failed to discharge his burden and his plea of want of consideration must fail as a matter of law.

■■■ Appellant's claim of an offset of $10,000 against the amount of the note grows out of his assertion that appellee Del Barto guaranteed that appellant would suffer no loss in his purchase of $10,000 worth of stock in Regent Aircraft, Inc. From paragraph 2 of Exhibit A it will be noted that the agreement between the parties to the note included the execution by appellant Kliesing of a full and complete release of all claims, demands and causes of action against Del Barto. The record conclusively establishes that such a release was executed by appellant and delivered to appellee. Such release was pleaded by appellee in defense of appellant's claim of offset. Until set aside upon the ground of fraud, accident or mistake, it stands as a bar to appellant's claim. 36 Tex.Jur. 819, Sec. 21. Appellant neither plead nor proved fraud, accident or mistake. His only proof relative to escaping the effect of the release is his testimony that he did not read it before he signed it. Such proof is insufficient. Harvey v. Elder, Tex.Civ. App., 191 S.W.2d 686.

Judgment affirmed.

### Exhibit A

"Houston, Texas, June 27, 1952.
"Mr. T. E. Mosheim
"Shell Building
"Houston, Texas

"Dear Sir:

"Under date of June 18, 1952, P. C. Del Barto wrote you a letter setting out certain provisions with provisions with regard to Regent Aircraft, Inc., with which letter we are both familiar. On June 23, 1952, you advised the undersigned that the sum of $27,500.00 plus interest, required to be paid Regent Aircraft Corporation was available, in accordance with the provisions of such letter, but on the afternoon of June 24, 1952, you advised me your clients had been unable to raise that amount, and you requested that my client, Mr. Del Barto, lend them the sum of $28,000.00, which he has agreed to do, upon the following terms and provisions, and which I desire to have expressly agreed to in writing by Wm. B. T. Simmons, Ray Hay, R. S. Johnson, and R. V. Kliesing. Their approval shall be evidenced by their signatures to this letter at the places indicated.

"1. The execution and delivery to me of one certain promissory note in the principal amount of $28,000.00, providing for interest thereon at the rate of six per cent (6%) per annum from date until maturity, and being due on or before sixty (60) days after date payable to my order as Trustee in the form attached hereto, executed by Wm. B. T. Simmons, Ray Hay, R. S. Johnson and R. V. Kliesing. There shall be attached to such note as collateral security 76,500 shares of stock of Regent Aircraft, Inc., or trust certificates for same. I agree with you and the other signers of this letter, who have accepted the same, that such $28,000.00 note will not be pledged, negotiated, or hypothecated before maturity date thereof.

"You have represented to me that approximately such amount is required to pay the unpaid balance due Regent Aircraft Corporation, and that is the purpose for which such money is borrowed. Upon execution and delivery of the necessary instruments referred to in this letter, you will be handed two (2) cashier's checks, one in the amount of $27,729.24, and the other in the amount of $270.76, both of which will be payable to the order of Wm. B. T. Simmons, Ray Hay, R. S. Johnson and R. V. Kliesing, said two checks aggregating $28,000.00. It is contemplated that at least $27,729.24 is required to pay off the unpaid

balance due Regent Aircraft Corporation as agent for its creditors by Regent Aircraft, Inc., and you, by the acceptance of such cashier's checks represent that you will not deliver the check for $27,729.24 until and unless you receive a full and complete release from Regent Aircraft Corporation and its principals releasing Regent Aircraft, Inc., and P. C. Del Barto from all claims, demands, and causes of action of every kind and character, each of which shall be in the form approved by me, and contemporaneously with the delivery of such check to Regent Aircraft Corporation, the suit entitled Regent Aircraft Corporation vs. Regent Aircraft, Inc., No. 21178 on the docket of the District Court of Rusk County, Texas, shall have a judgment entered in such cause providing in substance that Regent Aircraft Corporation take nothing against the defendants, and that Regent Aircraft, Inc., recover judgment for certain property heretofore purchased by it from Regent Aircraft Corporation. To that extent such cashiers checks are delivered to you in trust and are to be disposed of only in the manner herein set forth. The release of P. C. Del Barto shall forthwith be delivered to me unconditionally after you obtain it. It is contemplated that the release above referred to will release other persons in addition to P. C. Del Barto, and upon your delivery to me of a photostatic copy thereof I will surrender the original instrument upon your agreement to make such original instrument available to me at any time in case of necessity. If such releases above referred to cannot be obtained and if the other matters referred to in this paragraph cannot be accomplished within a reasonable time, as agreed upon by the addressee and myself, such cashiers checks are to be returned to me intact and shall be credited against such note for $28,000.00 at the time received.

"2. You have advised me that you now have in hand ready for delivery, full and complete releases of all claims, demands and causes of action of every kind and character, against P. C. Del Barto, executed by Wm. B. T. Simmons and R. S. Johnson. Such releases are to be delivered to me contemporaneously with the delivery of the release referred to in paragraph 1 above, and upon my delivery to you of the items described in Paragraph 4 of this letter. Contemporaneously with the delivery of the aforesaid releases, you shall also deliver me a full and complete release of all claims, demands, and causes of action executed by R. V. Kliesing and running to P. C. Del Barto.

"3. The delivery to me for examination of that certain promissory note in the principle amount of $4,000.00 executed by R. V. Kliesing, payable to the order of P. C. Del Barto and negotiated by him to Citizens State Bank of Houston, showing that such note has been paid in full,—it being intended that the said R. V. Kliesing shall not then be further obligated to P. C. Del Barto on that particular $4,000.00 note and that P. C. Del Barto's liability as an indorser shall be cancelled.

"4. There have been delivered to me by P. C. Del Barto and I now hold in trust the following:

"(a) Trustees certificates for 114,000 shares of stock of Regent Aircraft, Inc., properly endorsed in blank;

"(b) A release executed by P. C. Del Barto releasing Regent Aircraft, Inc., from any and all claims, demands and causes of action which he had on June 18, 1952;

"(c) The resignation of P. C. Del Barto as an officer and director of Regent Aircraft, Inc.;

"(d) Books, accounts, minute books, stock books and other papers belonging to Regent Aircraft, Inc., now in possession of P. C. Del Barto or his secretary;

"(e) Agreement on the part of Fannin State Bank of Houston to deliver to Wm. B. T. Simmons his promissory note for $5,000.00 properly cancelled, and the 8,000 shares of stock of Regent Aircraft, Inc., pledged by him to secure payment of such note.

"All of the items described in this paragraph shall be delivered to you upon de-

livery to me of the releases referred to in Paragraphs 1 and 2 of this letter.

"In the event the releases described in Paragraphs 1 and 2 above are not delivered to me within a reasonable time, as determined by the addressee and myself, then you agree to return to me the cashiers checks above referred to, and upon payment of interest on such $28,000.00 note and such cashiers checks, it, together with its securing collateral, will be marked paid and returned to you.

"5. Within ten (10) days after delivery to me of the releases described in Paragraphs 1 and 2 above, you and the other signers of this letter agree that you will deliver to me unconditionally a full and complete release executed by Regent Aircraft, Inc., releasing all claims, demands, and causes of action of every kind and character, which it might have against P. C. Del Barto, which shall be in the form attached hereto and signed by you and by me for identification.

"6. As you know, a Delaware Corporation by the name of Regent Aircraft, Inc., was formed, but it is my understanding that the stock in such corporation was never issued and that corporation has never been active. Upon exchange of the items described in Paragraph 4 above, then the few books, records, and stock books of Regent Aircraft, Inc., the Delaware corporation, shall, at the same time, be delivered to you, the addressee of this letter,

and you and I shall work out such arrangement for the proper disposition of such corporation as may be necessary and proper, but at the cost and expense of Regent Aircraft, Inc., the Texas corporation.

"7. Mr. R. V. Kliesing has furnished me with a financial statement dated 12–31–51, which he has represented to me as being an accurate financial statement as of that date. Mr. Kliesing represents that there is now in the process of being prepared a current statement as of the close of business June 30, 1952, a current financial statement, and he agrees, by the acceptance hereof, to have such financial statement completed in the normal course of events and when it is completed to furnish me with a copy thereof.

"8. You have indicated a desire to have the trust agreement relating to stock of Regent Aircraft, Inc., cancelled, and an instrument providing for the cancellation of such trust agreement has been prepared and signed by some of the parties and will be delivered to you. In the event the releases described in Paragraphs 1 and 2 above are not delivered to me in accordance with such paragraphs, you agree that you will return such instruments to me.

"As evidence of your acceptance of the terms and provisions above set out, please sign a copy of this letter at the place indicated, and it will then constitute our agreement. It shall also be signed at the places indicated by your clients named below to evidence their agreement thereto.

Yours very truly,
/s/ James C. Boone

JCB :g
Accepted:
T. E. Mosheim
By: /s/ T. E. Mosheim

R. S. Johnson
By: /s/ R. S. Johnson

Wm. B. T. Simmons
By: /s/ Wm. T. B. Simmons

R. V. Kliesing
By: R. V. Kliesing"

Ray Hay
By: /s/ Ray Hay