M. STEPPE, d/b/a Steppe Finance
Company, Appellant,

v.

Orlen O'DAY, Appellee.

No. 3544.

Court of Civil Appeals of Texas.

Waco.

July 17, 1958.

Rehearing Denied Aug. 14, 1958.

Theodore Arter, Houston, for appellant.

Wellborn & Britt, Alvin, for appellee.

TIREY, Justice.

Appellant has appealed from a judgment against him on a promissory note executed by him and others and payable to appellee in the principal sum of $10,000, together with interest, and providing for attorney's fees.

In the judgment we find this recital: "* * * and came the parties, both Plaintiff and Defendant, in person and by their attorneys and announced ready for trial; and came a jury of twelve good and lawful men, and said jury having been duly impaneled and sworn, the cause proceeded regularly to trial, all parties to the cause having presented their pleadings and evidence and rested their cases, and at the conclusion of said evidence the Plaintiff and the Defendant each on his own motion move the Court for a directed verdict and to withdraw the case from the jury and both Plaintiff and Defendant having claimed that there were no disputed issues of fact to be submitted to the jury and that judgment should be directed in their respective favors; * *."

The court overruled defendant's motion and granted plaintiff's motion and decreed that plaintiff recover from defendant the sum of $11,665, which represented the principal, interest and attorney's fees due on the note in suit. Defendant duly excepted to the judgment of the court and gave notice of appeal to the Galveston Court and the case is here on transfer.

At appellee's request the trial court filed findings of fact and conclusions of law. We quote the pertinent parts thereof:

"Findings of Fact

"1. That on or about the 23rd day of July, 1956 the Defendant M. Steppe as a partner in Steppe Finance Company and for said Steppe Finance Company, signed and delivered a Promissory Note in the principal sum of Ten Thousand Dollars (10,000.00) payable to Orlen O'Day or order at Pearland, Texas on or before October 1, 1956 with interest at the rate of Six Per Cent (6%) per annum, said Note having been introduced in evidence in this cause as Plaintiff's Exhibit No. One.

"2. That said Note was likewise signed on the same date by Distribuidora Industrial, S. A., a Corporation organized and existing under the laws of the Republic of Mexico.

"3. That said Note was executed and delivered to the Plaintiff as part of the consideration for the sale and transfer of certain water well drilling equipment from Plaintiff to Distribuidora Industrial, S. A.

"4. That said Note was never at any time physically attached to, incorporated in or a part of any other contract or instrument.

"5. That the Mexican Corporation, Distribuidora Industrial, S. A. was named as a party to this suit but was never served with Citation in this cause, and no Citation was ever issued for service upon said Mexican Corporation so that said Mexican Corporation never became an actual party to the suit or entered any appearance herein until sometime subsequent to the trial of this cause and the entry of the judgment herein.

"6. That said Note provided that all past due principal and interest thereon should bear interest at the rate of Ten Per Cent (10%) per annum from date of maturity until paid, and that it further provided for an at-

torney's fee of Ten Per Cent (10%) of the principal and interest owing thereon to be added in the event the same was placed in the hands of an attorney for collection or collected through judicial, probate or bankruptcy proceedings by an attorney.

"7. That Plaintiff, at the time of the trial and at all times material herein was the owner and holder of said Note and that said Note has never been paid in whole or in part.

"8. That Plaintiff, after maturity of said Note placed the same in the hands of his attorneys for collection, said attorneys being the firm of Wellborn & Britt of Alvin, Texas.

"9. That on the same date the Note was signed by Defendant, Plaintiff entered into a Contract with Distribuidora Industrial, S. A., which Contract concerned the employment of Plaintiff to drill certain water wells in the Republic of Mexico, and which Contract likewise set forth the representation and guarantee of Plaintiff that the water well drilling equipment was capable to drilling a 20-inch water well to a depth of 350 feet and that Plaintiff would drill ten (10) such wells within approximately sixty (60) days from the date of commencement of such drilling operations. Said Contract was introduced in evidence upon the trial of this cause and is marked Defendant's Exhibit No. ————.

"10. That substantially the same provisions were contained in a Bill of Sale signed by Plaintiff and by him delivered to Distribuidora Industrial, S. A.

"11. That Defendant has not alleged any breach or failure to comply with the terms of said Contract and conditions and provisions of said Bill of Sale by Plaintiff.

"12. That Defendant offered no proof of any breach or failure to comply with said Contract or said provisions of said Bill of Sale by Plaintiff.

"13. That the only testimony or evidence introduced upon the trial of this cause bearing on the performance of said Contract by Plaintiff and the capability of said equipment was the testimony of Plaintiff to the effect that Plaintiff complied with said Contract in full.

"Conclusions of Law

"1. That the Note made the basis of this suit was and is a valid negotiable Promissory Note and was, on its face, an unconditional promise to pay the sums therein stated at the times and places therein mentioned.

"2. That said Note was supported by consideration.

"3. That Defendant was an original maker of said Note and liable thereon in that capacity.

"4. That the execution of the Contract and Bill of Sale by Plaintiff did not affect Defendant's liability on the Note in the absence of proof of Plaintiff's breach of said Contract or of the failure of the equipment in question to perform in accordance with Plaintiff's representations. No such proof was offered on the trial of this cause and there were no allegations in Defendant's pleadings which would support such proof had it been offered. Distribuidora Industrial, S. A., never having been served with Citation in this cause nor entering its appearance herein was not a party to this cause at the time of the trial and the entry of the judgment herein, but was presumably dismissed as a party to this cause."

Appellant thereafter filed request for further findings and conclusions of law, but the court took no action thereon, nor do we find any bill of exception in the record taken by appellant to the court's failure to make further findings of fact and conclusions of law.

The judgment is assailed on what appellant designates as seven points. They are substantially as follows: The court erred (1) in finding the note sued upon was an unconditional promissory note; (2) in finding that appellant was a maker of the note sued upon; (3) in disregarding the testimony and evidence showing material alterations in the note sued upon; (4) in disregarding the detachment of the note from the instruments which conditioned it; (5) in granting appellant's motion for instructed verdict; (6) in permitting a fraud to be perpetrated upon appellant by appellee; and (7) in not answering appellant's request for further findings of fact and conclusions of law.

Appellee's counter points are to the effect (1) that the note was an unconditional promise to pay and was a binding obligation upon appellant irrespective of its negotiability; (2) if it should be found that the note was not unconditional, then appellant is still liable thereunder because there was no pleading or proof that the conditions were not fulfilled, and all of the evidence was to the effect that the conditions were fulfilled and complied with by appellee; (3) that appellant was an original maker of the note and liable as such and received a valuable consideration for the same; (4) there is no evidence that there were any alterations in the note, nor that the note was detached from any other contract or instruments, nor that the trial court permitted a fraud to be perpetrated on appellant by appellee.

We overrule each of appellant's contentions for reasons which we shall hereinafter state.

■ First of all, the note was negotiable in form and it was executed by appellant. See Continental National Bank of Fort Worth v. Conner, 147 Tex. 218, 214 S.W.2d 928, point 3; Zarsky Lumber Co. v. Guiberteau, Tex.Civ.App., 270 S.W.2d 630, point 4 (n. r. e.). It is without dispute that valuable consideration passed to appel-

lant for his execution of the note. He testified in part:

"Q. Mr. Steppe, on July 23, 1956, I will ask you if you signed this note introduced in evidence marked Plaintiff's Exhibit No. 1, note for the sum of $10,000 payable to Orlen O'Day, Pearland, Texas, on or before October 1, 1956, with interest of 6% per annum. Did you sign that note? A. Yes, that is my signature.

"Q. At that time you knew that note was given as part of the consideration for the sale of the water well drilling equipment which is listed on the note? A. That is right.

"Q. You knew that Mr. O'Day would not sell this equipment to this Mexican corporation and make delivery of it on credit without your signature on that note? A. That I don't know; possibly he would not—I am not sure, he may and may not.

"Q. Now you had some sort of agreement with Distribuidora Industrial did you not concerning the drilling of some water wells in Mexico? A. No, sir, I had an agreement to lend him some money on a contract he had.

"Q. Under the terms of that agreement they were to borrow the money from you and pay interest? A. That is right.

"Q. In addition to that you were to receive ten per cent on any profit made on the waterwell contract? A. That is right.

"Q. So you had an agreement with Distribuidora Industrial at the time the note was signed for any profit made on waterwells in Mexico you were to receive ten per cent of the profit? A. Yes, I could have claimed it.

"Q. You knew the equipment was purchased to use on the drilling of the waterwells in Mexico? A. That is right.

"Q. And the wells would be drilled with this equipment? Were the wells covered by the contract with Distribui-dora Industrial that they had with the Mexican government as to the profit on drilling those wells, you were to share in it? A. I would have a claim.

"Q. You know also do you not that the equipment described on this note was delivered to Distribuidora Industrial and taken to Mexico to use there? A. Yes."

It is our view that the foregoing testimony of appellee brings him clearly within the rule announced by this court in J. R. Watkins Co. v. King, Tex.Civ.App., 83 S.W.2d 405, 407 (no writ history). The rule there stated is: "When a party testifies to positive and definite facts which, if true, would defeat his right to recover or conclusively show his liability, and such statements are not subsequently modified or explained by him so as to show that he was mistaken, although testifying in good faith, it has generally been held that he is conclusively bound by his own testimony and cannot successfully complain if he is non suited or the court directs a verdict against him." (See points 2 and 3 and authorities there collated). See also Stanolind Oil & Gas Co. v. State, 136 Tex. 5, 133 S.W.2d 767, 145 S.W.2d 569; La Fleaur v. Kinard, Tex.Civ.App., 161 S.W. 2d 144, er. ref. w. o. m.; Leonard v. Smith, Tex.Civ.App., 186 S.W.2d 284, no writ history; City of Waco v. Thralls, Tex.Civ. App., 172 S.W.2d 142, er. ref. w. o. m. See authorities collated in point 8.

Since this suit involved an action on a promissory note executed and delivered by appellant and others to appellee and payable to him in Texas, the action is controlled by our Negotiable Instruments Act, Art. 5933, Vernon's Annotated Civil Statutes. Section 24 thereof provides that every negotiable instrument is deemed prima facie to have been issued for a valuable consideration; and every person whose signature appears thereon to have become a party thereto for value. Section 25 provides that value is any consideration sufficient to support a simple contract. Since the note sued upon is a negotiable instrument in form, it implies a consideration under the terms of Art. 5933 aforesaid.

It is our view that the appellant wholly failed to plead failure of consideration or partial consideration. If he had done so, the burden would have rested upon him to prove the absence of all the elements involved which constitute a valid consideration. For statement of the rule see Shaw v. McShane, Tex.Com.App., 50 S.W.2d 278; also 6 Tex.Dig., Bills & Notes, ▮ ▮ See also Kliesing v. Del Barto, Tex. Civ.App., 282 S.W.2d 249 (n. r. e.). However, the proof is without dispute here that appellant did sign the note and that he signed it for a valuable consideration and the trial court so found. Since the evidence is without dispute that appellant signed the note in suit for a consideration and there being no pleading or evidence to the effect that such consideration had failed in whole or in part, there was no issue to submit to the jury, and the court's finding thereon is supported by the uncontroverted testimony and we have no power to disturb it.

We have carefully considered Points 1, 2, 3, 4, 5 and 6 and it is our view that each is without merit and each is overruled.

Coming now to Point 7, we have previously pointed out that there was no bill of exception filed to the court's failure to make additional findings of fact and conclusions of law. In Spradlin v. Rosebud Feed & Grain Co., Tex.Civ.App., 294 S.W.2d 301, 302 (n. r. e.), this court made this statement of the rule, quoting from 3A Tex.Jur., Sec. 507, p. 654: "The failure or refusal of the court to file findings of law and fact in response to a proper request therefor, or to file them within the time prescribed, will not be reviewed when it is not made the subject of a bill of ex-

ceptions, at least in the absence of a showing in the record that appellant or his counsel was misled by the court, and thereby prevented from presenting a bill in reference to the matter until after the expiration of the time therefor. The reasons given for the rule are that the attention of the judge may not have been called to the motion for conclusions of fact and law, and that without a bill the appellate court cannot know that the party making the application for findings has not waived or withdrawn it, as he may do." Citing a long list of cases.

Finding no bill of exception in the record here, appellant's seventh point is without any merit and it is overruled. See Rules 296, 297, 298, Texas Rules of Civil Procedure, and the cases there collated.

Finding no reversible error in this clause, the judgment of the trial court is in all things affirmed.

HALE, J., took no part in the consideration and disposition of this case.