**Mary Juanita LaPLACE, Appellant,**

v.

**Edward H. LaPLACE, Jr., Appellee.**

No. 7636.

Court of Civil Appeals of Texas.

Texarkana.

April 13, 1965.

Burt Barr, Dallas, for appellant.

Jay S. Fichtner, Dallas, for appellee.

DAVIS, Justice.

Appellant-defendant, Mary Juanita La-Place, was granted a divorce from appellee-plaintiff on August 29, 1963. Appellant was granted the custody of their two minor children, Michael Dane LaPlace, and Mark Steven LaPlace, and the appellee was given the right of reasonable visitations. On July 10, 1964, appellee filed a motion to modify the judgment regarding the visitations. The only answer filed by the appellant was a plea in abatement alleging that appellee's demands amounts to a change of custody and that same was cognizable before the Juvenile Court of Dallas County, Texas. The trial court overruled the plea in abatement and modified the judgment to allow certain visitations with appellee of two days each six weeks, with reasonable notice to the appellant, and granted the appellee two week's visitations in Chicago, Illinois, provided the appellee would file a $350 bond to guarantee their return. Appellant has perfected her appeal and brings forward three points of error.

By her first point, appellant says the trial court erred in granting the certain visitations without a showing of material change in conditions affecting the best interests of the minors. The appellant did not file a statement of facts, bills of exceptions, or findings of fact and conclusions of law. Under the record in this case, every presumption must be indulged in favor of the trial court's findings and judgment, and that the judgment is based upon the sufficiency of evidence. Commercial Credit Corp. v. Smith, 143 Tex. 612, 187 S.W.2d 363; Franke v. Franke (Ct.

Civ.App.), 373 S.W.2d 891, N.W.H. The point is overruled.

Appellant's second point is without any merit, and it is overruled.

By her third point, appellant says the trial court erred by failing to find findings of fact and conclusions of law. After the judgment was signed and entered, appellant prepared her motion for the court to file findings of fact and conclusions of law, and filed her motion with the deputy district clerk. She later filed her second request with the deputy district clerk. There is no showing that appellant ever presented the motion or the request to the judge who tried the case. This does not comply with Rule 297, Texas Rules of Civil Procedure. Frankfurt v. Decker (Tex.Civ. App.) 180 S.W.2d 985, N.W.H.; Birdwell v. Pacific Finance Corp. (Tex.Civ.App.) 259 S.W.2d 957, N.W.H.; Spradlin v. Rosebud Feed & Grain Co., (Tex.Civ. App.) 294 S.W.2d 301, W.R.,N.R.E. See also Steppe v. O'Day (Tex.Civ.App.), 315 S.W.2d 599, W.R.,N.R.E.; 4 T.J. 2d 37, Sec. 505. The point is overruled.

The judgment of the trial court is affirmed.