O. G. DYER, Appellant,

v.

**METALLIC BUILDING COMPANY,**
Appellee.

No. 250.

Court of Civil Appeals of Texas.

Tyler.

Dec. 15, 1966.

See also, Tex.Civ.App., 405 S.W.2d 119.

David B. Kultgen, Beard & Kultgen, Waco, for appellant.

Robert A. Hall, Baker, Botts, Shepherd & Coates, Houston, for appellee.

DUNAGAN, Justice.

This is a suit on a promissory note. Prior to January 21, 1963, Robert E. Langston did business as Lanco Steel Building Company, controlled a corporation known as Langston Builders, Inc., and was a franchised dealer in Metallic steel buildings in the Waco, Texas area. Langston purchased steel building materials from Metallic Building Company, hereinafter called Metallic, and erected steel buildings for his various customers. In the latter part of 1962, Langston became indebted to Metallic for approximately Thirty Thousand and No/100 ($30,000.00) Dollars in connection with the steel building materials which he had purchased from Metallic but had not paid for, and which materials he had used in the construction of his customers' buildings. Metallic began to press Langston for payment of the indebtedness and advised him that if he did not pay his indebtedness, Metallic would assert his Mechanic's & Materialman's Lien rights on the buildings which he had erected, would cancel Langston's franchise and would take any other legal steps available to Metallic to collect the indebtedness from Langston.

On January 21 and 22, 1963, O. G. Dyer, Langston and James H. Fendley met with Metallic representatives, William Schneeberg, James Clift, Robert Sowell and Gordon Thompson at Metallic offices in Houston, Texas. Dyer, Langston and Fendley stated at the meeting in Houston that they intended to form a Texas corporation with offices in Waco, Texas, for the purpose of building and selling steel buildings in the Waco, Texas area. Dyer, Fendley and Langston were to have ownership interest in the corporation. Metallic was not a party to the contract or agreement between Langston, Dyer and Fendley.

At the January 21 and 22, 1963, meeting in Houston, Langston, Fendley and Dyer requested that Metallic forbear for 90 days from filing any lawsuits or asserting any Mechanic's & Materialman's Liens against the buildings which Langston had erected. Langston, Fendley and Dyer agreed to sign a promissory note payable to Metallic in the amount of Twenty-Two Thousand One Hundred Twenty-Five and 24/100 ($22,-125.24) Dollars in order to induce Metallic to forbear from filing suit against Langston or asserting its Mechanic's & Materialman's Lien rights for a 90-day period. It was also agreed that Langston would assign to Metallic a debt owed to him by one of his customers to secure the balance of the said indebtedness he owed to Metal-

lic. Langston, Fendley and Dyer also extracted from Metallic an agreement to issue a Metallic franchise to the corporation which was to be formed by Langston, Fendley and Dyer, said franchise to be issued after Metallic was furnished with (a) evidence that the corporation had been formed and was a going concern; (b) a copy of the articles of incorporation; (c) a description of the corporate structure and (d) financial background information as to Dyer and Fendley. Dyer, Langston and Fendley did not furnish Metallic with any of the items set out above and, therefore, Metallic was never required to issue the franchise. Langston, Fendley and Dyer signed the promissory note on January 22, 1963.

Metallic instituted this suit against Langston Builders, Inc., Robert E. Langston, individually and d/b/a Lanco Steel Building Company, O. G. Dyer, and James H. Fendley, all of whom were makers of the promissory note.

Although citation was duly served on Langston Builders, Inc., and on Robert E. Langston, these two defendants did not enter an appearance. Dyer and Fendley entered an appearance asserting failure and in the alternative partial failure of consideration. After a trial to the court without a jury, judgment was entered in favor of Metallic against the five defendants. Only Dyer appealed from the judgment. The record does not contain any findings of fact or conclusions of law, but does include a statement of facts.

Appellant has brought forward two points of error. However, the second point is now moot. The first point reads: "The trial court erred in holding Dyer liable on the note."

The consideration flowing from Metallic to Langston, Fendley and Dyer was:

1. Metallic's promise to forbear from filing a lawsuit against Langston for a 90-day period.

2. Metallic's promise to forbear from asserting Mechanic's & Materialman's Liens against the buildings which Langston had constructed with materials purchased from Metallic, but for which he had not paid.

3. Metallic's promise to issue a franchise to the corporation which was to be formed once Metallic was furnished with evidence that the corporation had been formed and was a going concern, a copy of the articles of incorporation, a description of the corporate structure and financial background information on Dyer and Fendley.

It is undisputed that Metallic neither filed a lawsuit against Langston nor asserted its Mechanic's & Materialman's Lien rights during the 90-day period. The note was due and payable on April 22, 1963. Prior to that time, Dyer, Fendley and Langston had a disagreement and while a charter was issued to the contemplated corporation, the corporation never became active because Langston refused to have any further association with Dyer and Fendley in the steel building business. The note was not paid.

■ We think the evidence in this case clearly shows that the promissory note involved herein was supported by consideration.

■ The law in Texas is well settled that an agreement to forbear to prosecute or to enforce a claim in law or equity is sufficient consideration to support a promissory note of the debtor, or of a third person. 9 Tex.Jur.2d, page 58, Sec. 45; Von Brandenstein v. Ebensberger, 71 Tex. 267, 9 S.W. 153; Brown v. Hart, 43 S.W.2d 274, (Tex.Civ.App., Amarillo) 1931, writ ref.; Edwards v. Hatch, 106 S.W.2d 741, (Tex.Civ.App., Waco) 1937, n. w. h.

Under the provisions of Article 5453, Vernon's Ann.Civ.St. dealing with Mechanic's & Materialman's claims, it is clear that the appellee forfeited every Mechanic's

& Materialman's Lien right it had by virtue of agreeing to forbear for 90 days from asserting such liens. April 22, 1963, the due date on the note, would have been beyond the 90-day period prescribed in Article 5453 for filing the required affidavit with the County Clerk to secure the lien right.

One of the buildings on which the appellee agreed to forbear asserting its Mechanic's & Materialman's Lien was a building owned by appellant Dyer and Fendley. By inducing the appellee to forbear for 90 days from asserting its Mechanic's & Materialman's Lien against the building, the appellant Dyer precluded the appellee from ever asserting its lien right.

█ Furthermore, appellant Dyer had the burden of proof on the alleged failure of consideration and he failed to discharge that burden. Written contracts are presumed to be supported by sufficient consideration. 23 Tex.Jur.2d, page 126, Sec. 83; City of San Antonio v. Lane, 32 Tex. 405, 416; Fender v. Farr, 262 S.W.2d 539, (Tex.Civ.App., Texarkana) 1953, n. w. h.

█ It is also the settled law in this state that the maker of a promissory note who asserts a failure or want of consideration has the burden of proof as to that defense. 9 Tex.Jur.2d, page 313, Sec. 285.

In Carter v. Richardson, 315 S.W.2d 378, (Tex.Civ.App., Waco) 1958, writ ref., n. r. e., at page 380, the court said:

"Moreover, since this suit involves an action on promissory notes executed and delivered by appellant to appellee and payable to him in Texas (Art. 5933, Vernon's Ann.Civ.St.), the action is controlled by our Negotiable Instruments Act; and since appellant interposed a plea of failure of consideration, and, in the alternative, a partial consideration, Sections 24 and 25 of Art. 5933, V.A.C.S. are applicable here.

"Section 24 provides: 'Every negotiable instrument is deemed prima facie to have been issued for a valuable consideration; and every person whose signature appears thereon to have become a party thereto for value.' Section 25 provides: 'Value is any consideration sufficient to support a simple contract. * * *'

"Since the notes sued upon are negotiable instruments, they imply a consideration under the terms of Art. 5933 aforesaid. Moreover, since appellant sought to defeat these notes by a plea of total or partial failure of consideration, the burden rested upon him to prove the absence of all of the elements which in law constitute a valid consideration. See statement of the rule in Shaw v. McShane, Tex.Com.App., 50 S.W.2d 278; see also 6 Tex.Dig., Bills & Notes █ █ See also Kliesing v. Del Barto, Tex.Civ.App., 282 S.W.2d 249 (n. r. e.). Our Supreme Court has not seen fit to change the rule there stated." See also McAlpin v. Finch, 18 Tex. 831.

█ Moreover, we think the appellant is barred from denying liability under the doctrine of promissory estoppel.

As stated in 22 Tex.Jur.2d, page 660, Section 1:

"The broad concept of estoppel is that one who by his speech or conduct has induced another to act in a particular manner ought not to be permitted to adopt an inconsistent position, attitude, or course of conduct and thereby cause loss or injury to the other. * * *"

See also Union Cent. Life Ins. Co. v. Austin, 52 S.W.2d 536, (Tex.Civ.App., El Paso) 1932, writ ref.; Rancher v. Franks, 269 S.W.2d 926, 929, (Tex.Civ. App., Fort Worth) 1954, n. w. h.

Based on the defendant's promise to pay, the appellee, through its forbearance, waived its Mechanic's & Materialman's Lien rights and agreed not to file a lawsuit against Langston. The appellee relied on the defendant's promise to pay and that reliance was clearly detrimental to the appel-

lee in that the 90-day forbearance resulted in the appellee waiving its lien rights and, therefore, appellant Dyer is estopped under the doctrine of promissory estoppel from claiming that he is not indebted to the appellee because of the conduct which allegedly took place not between the appellee and Dyer, but between Dyer, Fendley and Langston.

Appellant's contentions advanced under his first point are overruled.

Judgment affirmed.