### GRISDALE v. THOMPSON et al. (No. 10052.)

(Court of Civil Appeals of Texas. Fort Worth. Nov. 4, 1922.)

1. **Pleading ⬟398—Variance on matters not material to issue did not require reversal.**

In action on a contract whereby defendants agreed to reimburse plaintiff for their pro rata part of the expense of drilling an oil well and the cost of additional acreage, where the action was not to recover any part of the land, the essence of the allegations of the petition being that plaintiff owned an undivided two-thirds interest in the land referred to, and that defendants each owned an undivided one-sixth interest therein, a variance, showing a different channel through which title was acquired, was immaterial; there being no suggestion of surprise.

2. **Frauds, statute of ⬟56(6)—Contract made prior in time to purchase of leases not within statute.**

Where defendants agreed to pay one-sixth of the money expended by plaintiff in purchasing oil leases, prior to the time the purchases were made, such agreement was not within the statute.

3. **Exceptions, bill of ⬟6—Averments as to petition and evidence held insufficient.**

Mere averment that petition or evidence was of a certain effect amounts to no more than conclusions of counsel, and where a bill of exceptions did not set forth the pleading or the evidence or refer to that part of the statement of facts containing the evidence so that the court might determine for itself whether there was a variance between petition and the evidence and whether evidence offered was irrelevant, the bill was insufficient (Vernon's Sayles' Ann. Civ. St. 1914, arts. 2059, 2060).

4. **Appeal and error ⬟1011(1)—Judgment of trial court on conflicting evidence binding on appeal.**

Where in action on contract there was conflicting evidence as to defendant's claimed settlement and adjustment of plaintiff's claim, the judgment of the trial court will not be disturbed.

Appeal from District Court, Wichita County; Edgar Scurry, Judge.

Action by Mrs. S. O. Thompson and another against J. A. Grisdale. From a judgment for plaintiffs, defendant appeals. Affirmed.

Smoot & Smoot, of Wichita Falls, for appellant.

Weeks, Morrow & Francis, of Wichita Falls, for appellees.

CONNER, C. J. This suit was instituted by Mrs. S. O. Thompson, joined pro forma by her husband, S. O. Thompson, against J. A. Grisdale, to collect an alleged indebtedness of $15,104.52. She alleged that during the year 1919 the defendant and one Paul Erickson acquired possession of an oil and gas lease in Wichita county, Tex.—

"and begun drilling thereon a well for oil and gas, commonly known as the Grisdale-Erickson well, and during the latter part of the year 1919 said defendant and said Erickson sold to plaintiffs herein a two-thirds interest in said leases and in said well, each retaining a one-sixth interest in said leases and in said well with the agreement and understanding that the plaintiff herein was to assume and have complete charge and control of the drilling of said well, and it was also agreed and understood that the plaintiff herein was to purchase for the account of defendant herein, the said Erickson, and plaintiff, oil and gas leases on other properties adjacent to the said Grisdale-Erickson well, and that each of the parties were to reimburse the plaintiff herein for their pro rata part of the expenses incurred in drilling said well and the cost of said acreage."

Attached as an exhibit to the plaintiff's petition was an itemized account showing the expenses on the well, the amounts paid for acreage, with certain credits therein allowed Erickson and Grisdale, with a balance of $15,104.52, for which the plaintiff sued.

The defendant answered by demurrers not material on this appeal, by special denial that he made the contract declared upon, by a plea that the contract alleged was verbal, had reference to an interest in real estate, and therefore invalid under the statutes of fraud. The defendant further pleaded that to avoid litigation he had entered into an agreement with the plaintiff, under which he canceled a note for $50,000, made by her and held by him for a consideration of $15,000 paid in property and a waiver of all claims by her for reimbursement under the alleged contract set out in her petition, except such as she could secure from a sale of the leases held by her.

The case was heard before the court without a jury, and judgment was rendered for the plaintiff for the full amount asked by her, to wit, $15,104.52 and interest, with a foreclosure of an attachment lien on certain of appellant's property. From this judgment defendant has appealed.

[1] Appellant first contends that, as alleged, the contract upon which the plaintiff sued was a joint contract with the defendant and Erickson, and that the evidence showed, if it established a contract of any kind, a verbal individual contract with Erickson to pay a pro rata part of the expenses of drilling the well and for the purchase of the adjacent leases, and that therefor there is such variance between the allegations and proof as required the court, as defendant requested, to enter a judgment in defendant's favor.

⬟For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

With this contention, however, we have been unable to agree. It does not appear that the plaintiff was called upon by any ruling of the court upon a demurrer to more particularly set out her claim of title or the details of the agreement entered into by the parties. There was testimony in behalf of the plaintiff to the effect that the defendant and Erickson owned an oil and gas lease upon some 1,200 acres of land, of which plaintiff purchased an undivided two-thirds interest, with Erickson and defendant owning a one-sixth interest each; that it was agreed at the time that Erickson and defendant should each severally bear one-sixth of the expenses of drilling the well and one-sixth of the necessary amounts expended in the purchase of the adjoining leases.

In tracing her title, it appeared that in fact defendant and Erickson, prior to the agreements in question, owned the body of land specified, but that 600 acres of it had been purchased by an association of persons, including Erickson and defendant, doing business under the name of the Mayflower Oil Company; that later plaintiff purchased from the Mayflower Oil Company the 600 acres owned by it, and also purchased from defendant and Erickson the 600 acres owned by them, they each at the time reserving in themselves a one-sixth interest; that plaintiff thereupon transferred to each, Erickson and defendant, an undivided one-sixth interest, in the tract included in the Mayflower Oil Company's lease. Thereupon it was agreed by the plaintiff, Erickson, and defendant, that plaintiff should take over the well already in process of drilling; that Erickson and defendant should each severally contribute one-sixth of the expenses attached to the further drilling of the well and one-sixth of the amounts necessary to purchase adjacent leases.

Appellant's contention is based upon the evidence showing that a part of the lands alleged to have been purchased by the plaintiff was purchased from the Mayflower Oil Company instead of the defendant and Erickson, but as we view the evidence the variance is not material. There was no suggestion of surprise, and it is to be remembered that the title to the property is not involved. The suit was not to recover any part of the land, the essence of the allegations being that plaintiff owned an undivided two-thirds interest in the land referred to in her petition, and that the defendants owned each an undivided one-sixth interest therein, all of which is undisputed, and that, with the ownership so fixed, each of the defendants personally agreed to bear the pro rata part of the expenses and purchase money alleged. The particular channel by which the title was acquired is therefore, in our judgment, not material to the issues in this case. We accordingly overrule all assignments and propositions involving the contention above stated.

There is further a contention that there is a variance between the proof and allegation, in that, as alleged, the contract was made with the defendant, where as the proof shows that the contract was made through Erickson, acting as agent of the defendant. An examination of the evidence, however, discloses that, while the sale to plaintiff of the 600 acres of the lease, not theretofore transferred by Erickson and defendant to the Mayflower Oil Company, was by Erickson for himself and as attorney in fact for defendant, the contract upon which this suit is predicated, to wit, the contract on defendant's part to bear one-sixth part of the expenses of the well and the one-sixth part of the purchase price paid for adjoining leases, was with defendant in person, and not by an agent. At least there was evidence tending to so show. The judgment, therefore, cannot be disturbed upon this ground.

[2] There is a further contention that in so far as the plaintiff bases her right to recover a one-sixth part of the cost of the purchase of the additional leases, it must fail for the reason that the contract was oral, and hence in contravention of the statutes of fraud. But while the evidence may be said to conflict on this point, it is certainly true that there was evidence in behalf of the plaintiff which very clearly tended to show that defendant's agreement to pay one-sixth of the moneys expended in additional leases was made prior in point of time to the purchases made, and, therefore, under a well settled line of decisions in this state, not within the statute of frauds.

[3] It is further insisted that the competent evidence, as a whole, is insufficient to support the judgment, and that hence defendant's motion, that judgment be entered in his favor, should have been sustained. This contention is based in part upon the further contention that the court erred in refusing to sustain the defendant's exception to the testimony, as shown by his bill of exception No. 4, and that therefore such incompetent evidence cannot be considered. This bill of exception, omitting formal parts, is as follows:

"Be it remembered that on the trial of the above cause, the plaintiff offered in evidence the testimony of plaintiff to the effect that on the return of the defendant to this state he orally agreed with her to contribute one-sixth of the expense of drilling the well and purchase price of the acreage set out in her petition, to which testimony when it was offered defendant objected, for the reason that it was irrelevant, immaterial, not supported by the pleading, tended to establish an individual contract where a joint contract has been pleaded, and was incompetent as tending to show

ti contract without consideration, which objection was by the court overruled, and the defendant duly excepted; that by agreement made in open court such objections were allowed to extend to all other evidence introduced tending to establish such facts."

If material, we think the bill of exception wholly insufficient. It will be noted that the bill does not set forth the pleading of the parties, nor the evidence, nor refer to that part of the statement of facts containing the evidence, so that this court may determine for itself whether or not there was a variance between the petition and the evidence, and whether the evidence offered was irrelevant or immaterial and what it tended to establish.' A mere averment the petition was of a certain "effect," or that the evidence was of a certain "effect," amounts to no more than conclusions of counsel, and hence we think the bill as a whole is insufficient. See V. S. Tex. Civ. Statutes, arts. 2059, 2060; Styles v. Gray, 10 Tex. 503; Vance v. Saathoff, 2 Posey, Unrep. Cas. 658; rule 59, p. 176, of Harris' Rules (2d Ed.) for the district and county courts.

Regardless, however, of the insufficiency of the bill of exception, we think there is sufficient evidence to support the court's finding in favor of the plaintiff's material allegations, and hence we cannot disturb the judgment on the ground of a want of evidence to support it.

[4] There is a further contention that there was a settlement and adjustment of the claim upon which plaintiff sues. The evidence relating to this matter is, in substance, to the effect that after the expenses, made the foundation of plaintiff's suit, had all been incurred that the defendant owned and held a promissory note made by the plaintiff for the sum of $50,000, and that the plaintiff transferred to defendant certain property in the city of Wichita Falls which was received by defendant in satisfaction of said note. Defendant testified that as a part of the consideration for this transfer to him, plaintiff also released him from the expenses, advances, etc., for which she sues him in this case. But this the plaintiff positively denied. The deed contained no such recitation, and Mr. D. P. Taylor, who seems to have participated in the negotiations which resulted in a transfer of plaintiff's property to the defendant, Grisdale, testified to the effect that he heard no mention made of a release by the plaintiff to the defendant of any indebtedness, made the foundation of this suit. It was for the trial court to settle the conflict in the evidence relating to this matter, and we find no sufficient reason to disturb the judgment on this ground.

We conclude that no reversible error has been presented, and therefore all assignments of error are overruled, and the judgment is affirmed.

.BUCK, J., not sitting.