CONTINENTAL TRAILWAYS, INC.,
Appellant,

v.

L. L. McCANDLESS, dba Terrace Motor
Hotel, Appellee.

No. 11703.

Court of Civil Appeals of Texas,
Austin.

Oct. 29, 1969.

Rehearing Denied Jan. 14, 1970.

Second Rehearing Denied Feb. 4, 1970.

C. B. Guy, Dallas, for appellant.

Baker & Watkins, Thomas H. Watkins, Austin, for appellee.

HUGHES, Justice.

This is a suit for damages resulting from the collision of a bus owned by appellant, Continental Trailways, Inc., with a car-port being a part of The Terrace Motel in Austin, Texas, owned by Appellee L. L. McCandless. Trial without a jury resulted in judgment for appellee in the sum of $800.00.

There has been filed an instrument denominated "Statement of Facts." It contains a summary of the testimony of three witnesses which is agreed to by the parties. It does not purport to contain all the evidence heard below and, obviously, it does not contain all of such evidence because none of the witnesses testified to the amount of damages sustained by the car-port.

The trial court, at appellant's request, filed findings of fact and conclusions of law on March 20, 1969, which we quote:

"1. On April 14, 1967, a bus collided with a portion of the Terrace Motor Hotel belonging to the Plaintiff, L. L. McCandless.

2. The bus was owned by the defendant, Continental Trailways, Inc.

3. Mr. K. R. Miller was the man in charge of the bus and was the employee of the defendant, Continental Trailways, Inc.

4. Mr. K. R. Miller had parked the vehicle on an incline sometime prior to the accident.

5. Mr. K. R. Miller had attempted to chock the wheels with large rocks but could not find any large rocks and used some small rocks.

6. Sometime on the evening of April 14, 1967, the bus rolled down the hill and collided with the Terrace Motor Hotel.

7. Mr. K. R. Miller was called to the scene by the employees of the Plaintiff.

8. Mr. K. R. Miller drove the bus back to its original parking position up the hill.

9. No evidence of any other human being or agency, other than K. R. Miller,

in any way tampering or operating the bus prior to the damage.

10. The defendant, K. R. Miller, was negligent in the manner in which he parked the vehicle.

11. The negligent parking was the proximate cause of the Plaintiff's damage.

12. The acts of parking the vehicle by K. R. Miller were within the scope and course of his employment by the defendant, Continental Trailways, Inc.

13. The property belonging to the Plaintiff was damaged to the extent of $800.00 as a result of this occurrence.

## CONCLUSIONS OF LAW

1. There was sufficient evidence to raise a fact issue concerning the negligence of the defendant, Continental Trailways.

2. There was sufficient evidence to raise a fact issue concerning the defendant's negligence being a proximate cause of Plaintiff's damage.

3. Under the findings of fact in the trial of this cause, the Plaintiff is entitled to Judgment against the defendant in the amount of $800.00."

Appellant has ten points of error the first eight of which pertain to the sufficiency or weight of the evidence to sustain findings of fact 6, 10 and 11 and conclusions of law 1 and 2.

█ It is our opinion that appellant is not entitled to have these points considered for the reason that it has not brought up a complete statement of facts in the absence of which we are required to presume the sufficiency of the evidence to support the findings of fact and the judgment rendered pursuant thereto. We quote from Villaneuva v. Harville, 419 S.W.2d 711, Tex.Civ.App., San Antonio, no writ (1967):

"Appellant, under her first point, urges that the overwhelming preponderance of the evidence establishes that she was de-nied the essential elements of due process, to-wit, notice and the opportunity to be heard and defend her property rights in the office in an orderly proceeding. We are unable to review the entire record as required in passing upon this point because of appellant's failure to comply with Rule 377, Texas Rules of Civil Procedure. * * * Since appellees did not consent to a partial statement of facts, we are required to treat this as an appeal without a statement of facts. Gordon v. Aetna Casualty & Surety Co., 351 S.W.2d 602 (Tex.Civ.App.—Eastland, 1961, writ ref'd)."

See also Klimist v. Bearden, 374 S.W.2d 783, Tex.Civ.App., Tyler, no writ (1964); Mulcahy v. Cohen, 377 S.W.2d 100, Tex. Civ.App., Houston (1st) writ ref. n. r. e. (1964).

There is no showing in the record that appellee agreed to a partial statement of facts. Neither is there any showing in the record that appellant made any attempt to comply with the provisions of Rule 377, Texas Rules of Civil Procedure under which a partial statement of facts may be filed.

█ For the reasons stated, we are unable to determine whether appellant's first eight points have merit: They are, accordingly, overruled.

Appellant's ninth point is that the trial court erred in his Conclusion of Law No. 3 for the reason that appellee is not entitled to judgment. This point is obviously based on the validity of the preceding eight points and since they have been overruled, this point should be, and it is, overruled.

Appellant's last point is that the trial court erred in refusing to make requested additional findings of fact. We quote the requested findings:

"1. With respect to finding of fact Number 5; do you find the act of chocking the wheels with small rocks to be negligence?

2. With respect to finding of fact Number 10; what specific act or acts do you find that constitute negligence on the part of K. R. Miller?

3. Do you find that K. R. Miller did, or did not, put the bus in gear when it was parked?

4. If you find that K. R. Miller did not put the bus in gear; do you find this to be negligence?

5. If your answer to question Number 4 is yes; was this a proximate cause of the accident?

6. Do you find that K. R. Miller did, or did not, place the brake on when the bus was parked?

7. If you find that K. R. Miller did not place the brake on when the bus was parked, do you find this to be negligence?

8. If your answer to question Number 7 is yes; was this a proximate cause of the accident? *

9. With respect to finding of fact Number 6; approximately how many hours had the bus been parked prior to the accident?

10. With respect to finding of fact Number 9; do you find that K. R. Miller was in any way tampering or operating the bus at or about the time of the accident?"

The trial court approved appellant's Bill of Exceptions No. 1, from which we quote:

"On February 21st, 1969 the trial Judge advised Counsel by U. S. Mail that judgment had been granted for the plaintiff in the amount of $800.00.

In due course defendant requested the trial Judge to state in writing the conclusions of fact found by him separately from the conclusions of law. Such findings of fact and ·conclusions of law were filed by the Judge on March 20, 1969. Defendant requested additional findings of facts and conclusions of law as provided by law.

Five days having passed since defendant requested additional specific findings of fact and conclusions of law, the trial Judge has failed to file such additional requested findings, as required by Rule 298, Texas Rules of Civil Procedure.

Defendant takes exception to the failure of the Judge to file additional findings of fact and conclusions of law, such failure being to the prejudice of defendant."

▪ Without regard to the question of whether a bill of exceptions which conflicts with the record as shown by the transcript prevails over the record, we are of the firm opinion that we are not bound by legal conclusions in the bill which are in clear conflict with the record facts as shown by the transcript. That appellant requested the trial judge to prepare his findings of facts and conclusions of law in "due course," or that additional findings and conclusions were requested of him "as provided by law," or that the trial judge failed to file such additional requested findings, "as required by Rule 298" all relate to questions and conclusions of law which are not binding on this Court even though they be contained in an approved bill of exceptions. See Grisdale v. Thompson, 246 S.W. 426, Tex.Civ.App., Fort Worth, no writ (1922).

▪▪ Generally, a "Bill of Exceptions" is a memorial of matters occurring at the trial of the cause which do not otherwise appear of record. Words and Phrases, Permanent Edition, Vol. 5, p. 661. See, however, Rule 372, T.R.C.P. A bill of exceptions is necessary to complain of the failure of a trial judge to file findings of fact or additional findings of fact. Steppe v. O'Day, 315 S.W.2d 599, Tex.Civ.App., Waco, writ ref. n. r. e (1958).

We will determine appellant's rights and the duties of the trial judge from the facts

shown in the transcript all of which are consisent with the facts, not legal conclusions, stated in the bill of exceptions.

■ The request for additional findings was filed April 3, 1969 and overruled April 15, 1969. The original findings and conclusions were filed March 20, 1969. Rule 298, T.R.C.P.[1] provides, in part, that a request for additional findings be made within five days after the original findings of fact and conclusions of law have been filed. This request was not so made. The trial judge was not required to consider such request. Strickland Transportation Co. v. International Aerial Mapping Co., 423 S.W.2d 676, Tex.Civ.App., San Antonio, no writ (1968). In fact, Rule 298 forbids the trial judge from preparing and filing additional or amended findings and conclusions after ten days from the filing of the original findings and conclusions.

Because of appellant's failure to comply with the rules relating to preparing and filing additional findings of fact and conclusions of law we overrule point ten.

The judgment of the trial court is affirmed.

Affirmed.

## ON MOTION FOR REHEARING

We have permitted appellant to file an affidavit herein which shows that on March 5, 1969, appellant sent appellee's attorney the following letter:

"I have previously advised you of my intention to appeal the McCandless case. In accordance with Rule 377, (D) of the 'Texas Rules of Civil Procedure,' I am enclosing a statement of facts to be filed as our part of the transcript. It will be appreciated if you will review these statements and make any additions you may desire, and advise me within 10 days in order that I may proceed to file them with the court.

As indicated by the enclosures, I will make no contest with respect to the extent of damages, and therefore, have not included a statement of your witnesses in connection with the damages."

■ This letter is not in the transcript and was not filed with the Clerk of the Court as required by Rule 377(c), T.R.C.P. For these reasons, we are not authorized to consider such letter.

We have also permitted appellant to file a statement of the trial judge which we quote:

"To the best of my recollection the plaintiff presented three witnesses at the trial. One witness was Mr. William S. Click whose testimony is accurately recorded in the summary of testimony approved by Mr. Guy on March 5, 1969 and Mr. Watkins on March 17, 1969. A second witness was Officer J. Bennett whose testimony is accurately recorded in the summary approved by Mr. Guy on March 13, 1969 and Mr. Watkins on March 17, 1969. The plaintiff presented one additional witness whose testimony was restricted to matters relating to the extent of damages of the carport.

I do recall that during the testimony of Officer J. Bennett he had in his hand a document which I assume was his investigative report. He refreshed his memory from the document and was asked some questions about it; however, neither plaintiff's nor defendant's counsel offered the document into evidence and it was not received in evidence.

1. Rule 298, T.R.C.P. reads:
"After the judge so files original findings of fact and conclusions of law, either party may, within five days, request of him specified further, additional, or amended findings; and the judge shall, within five days after such request, and not later, prepare and file such further, other or amended findings and conclusions as may be proper, whereupon they shall be considered as filed in due time. Notice of the filing of the request provided for herein shall be served on the opposite party as provided in Rule 21a or 21b. As amended by order of March 19, 1957, effective Sept. 1, 1957."

I do recall that some pictures of the bus were put in evidence and such pictures are herewith attached to this statement.[1]

The defendant offered one witness, Mr. K. R. Miller whose testimony is accurately recorded in the summary of testimony approved by Mr. Guy on March 13, 1969 and Mr. Watkins on March 17, 1969.

Other than as noted above, there was no material evidence considered by me in reaching my decision."

It does not appear that this case was tried with the assistance of a court reporter, although they are provided for by statute. Art. 2327, V.T.C.S.

The provisions of Rule 377, T.R.C.P. seem to apply primarily, if not entirely, to cases tried with a court reporter. We do not construe this rule as requiring or authorizing a trial judge to prepare a statement of facts. This was the law at one time. See Art. 2240, R.C.S.1925, prior to its repeal in 1939, 46th Leg. p. 201, Sec. 1. Also see Pacific Greyhound Lines, Inc. v. Burgess, 118 S.W.2d 1100, Tex.Civ.App., Amarillo, writ ref., where it was held that the trial judge was without authority to prepare a statement of facts by reason of certain amendments to then Arts. 2238–2239, R.C.S. 1925, relating to the use of court reporter's notes in preparing a statement of facts.

■ We believe that had the Legislature meant to cast the onerous duty of preparing a statement of facts on the trial judge when no reporter was present and thus returned to the old system, it would have so plainly stated. The trial judge does have duties under paragraph (d) of Rule 377 in settling disputes relative to a statement of facts but this record discloses no dispute or disagreement about a statement of facts.

We hold that neither a complete statement of facts nor an agreed statement of facts have been filed in this case and that we are without authority to pass on appellant's evidentiary points. Englander Co. v. Kennedy, 428 S.W.2d 806, Tex.Sup. (1968).

The motion for rehearing is overruled.

Motion overruled.

## ON SECOND MOTION FOR REHEARING

We are cited to the case of Crawford v. Crawford, 181 S.W.2d 992, Tex.Civ.App., San Antonio, writ dismissed (1944) wherein the Court construed Rule 377 as providing "that in cases of disagreement among the parties upon the statement of facts the trial judge was given the power and it was made his duty to settle those differences by preparing and filing a statement of facts to ' "be by him made to conform to the truth.' "

■ We do not read Rule 377(d) as requiring the trial judge to prepare and file a statement of facts to conform to the truth. We read this rule to require the trial judge, under the circumstances stated, to examine the proposed statement of facts and make it conform to the truth. We are not convinced that the trial judge ever has the duty to prepare and file a statement of facts.

In the event we were in error in not considering this case on its merits, we have decided to pass on the points raised by appellant.

■ The first three points, jointly briefed, are that there is no evidence to support the findings of the trial court that its bus rolled down the hill and collided with the Terrace Motel, that K. R. Miller was negligent in the manner in which he parked the bus, and that such manner of

1. The pictures do not show a bus.

parking was the proximate cause of the impact between the bus and the carport. We overrule these points.

Appellant admitted that its bus was involved in the incident resulting in this suit. Mr. K. R. Miller, who was in charge of the bus at the time, testified in part, as follows:

"Mr. Miller stated that he had brought a bus load of people from Dallas, Texas, to Austin, on April 13, 1967. The people, and himself, were staying at the Terrace Motor Hotel.

He had parked the bus in the space provided by the motel when he arrived and unloaded his passengers on April 13, 1967. He had not moved the bus, and was not aware that the bus was involved in an accident until he was notified by Mr. Cantrell, the night manager of the Terrace Motor Hotel.

At about 10:00 PM, April 14, 1967, he was asleep in his room at the Terrace Motor Hotel. The Terrace Motor Hotel is a large motel, and his room was a considerable distance from where the bus was parked. At about 10:00 PM, his telephone rang, and he answered. The voice identified itself as Mr. Cantrell, the night manager of the Terrace Motor Hotel, and he advised Mr. Miller that a bus had been involved in an accident. Mr. Miller immediately dressed and proceeded to the area where the bus was parked. When he arrived, he discovered the roof of one of the Terrace Motel units was down. An inspection of his bus revealed that a rear window was broken. * * *

At the time Miller arrived at the scene, the bus was parked in the space where he had parked it the day before. Miller denied emphatically that he had any knowledge of how the accident might have occurred. He stated that when he parked the bus, he had placed it in gear with the brake on. He chocked the wheels of the bus to prevent any possibility of it rolling backward. Mr. Miller stated that when he parked the bus he looked around for some large rocks to chock the wheels but was unable to find any and used small rocks. He had not been in, at, around, or near the bus at any time on the night of the accident. He has no idea of how the accident might have occurred. Miller stated that he did not pull the bus back into the parking space after the accident, and does not know who was in the bus or might have been driving the bus at the time of the accident. Mr. Miller further testified that he saw no one suspicious lurking around his bus nor had he seen any person enter or leave the bus. * * *

Mr. Miller testified that when he parked the bus on April 13th (the day before the alleged accident), the keys were left in the bus. He stated that this was not an unusual practice, and he had no instructions from the company to take the keys out of the bus when it was parked. He stated that it was the general practice of other operators to leave the key in the bus when parked.

Mr. Miller stated that Mr. Click arrived sometime after the accident."

Mr. William S. Click, a witness for appellee, testified, in part, as follows:

"Mr. Click stated that he was the sales manager for the Terrace Motor Hotel, and he lived in the motel unit that was damaged. He stated that he owned a Thunderbird, and it also was damaged.

Mr. Click stated that he arrived at the motel about 10:30 PM or 10:45 PM, and found considerable confusion around the motel unit in which he lived. He was quite surprised to see his roof fallen down, and his nice Thunderbird car damaged.

He stated that he was not at the scene when the accident occurred, and did not have any personal knowledge of what happened. It was his opinion, in view-

ing the bus and in viewing the damages to the motel and the Thunderbird, that the bus had come in contact with the motel, causing the roof to fall on the Thunderbird.

Mr. Click did not know if the bus had rolled back or been driven back. So far as he knew, no employee of the motel had any knowledge as to what might have brought about the accident."

Police officer, J. Bennett, a witness for appellee, testified, in part, as follows:

Plaintiff called Officer J. Bennett as a witness.

"Officer Bennett testified that he was called about 10:00 PM on the night of April 14, 1967, to investigate an incident. He proceeded to the Terrace Motor Hotel. There he found a section of the roof of one of the motel units on a Ford Thunderbird. A bus with the name 'Continental Trailways' painted on its side was parked a short distance away.

Officer Bennett stated that at the time he arrived on the scene, Mr. K. R. Miller, the bus driver, told him that he had moved the bus from its location up against the building back to its original parking place. Officer Bennett further testified that he wrote such statement in his police report.

The bus had a rear window broken, and it was Officer Bennett's opinion that the rear of the bus (where the window was broken) came in contact with the roof of the motel, thus causing the roof to fall on the Thunderbird.

Officer Bennett testified that he inspected the bus very carefully and it appeared to him that it would be difficult to operate the bus. He made a very careful inspection of the bus.

Officer Bennett stated that when he arrived at the scene, the bus was parked a short distance from the damaged part of the motel. The bus was parked on a sharp incline, and could have rolled back

into the motel, although it would have been impossible for it to have rolled from the motel back to its parked position. He said that some person would have had to have driven the bus from the point of impact with the motel, to its parked position. Officer Bennett testified that he could find no one who had seen anyone suspicious around the bus.

Officer Bennett did not see anyone drive the bus to the parked position as it was in that position when he arrived.

Officer Bennett does not have any personal knowledge of how the accident occurred, as he was not present at the scene at the time of the accident."

This is all the pertinent evidence found in the record.

The above testimony discloses that Mr. Miller, appellant's driver, parked the bus on a sharp incline, that it rolled down the incline into appellant's motel and "obviously did the damage" to it.

While Mr. Miller testified that he parked the bus so as to prevent the possibility of it rolling backward it is apparent that he did not do so. Mr. Miller's testimony need not have been taken at face value by the trial judge, but even so it discloses that he realized that larger rocks than the ones used should have been used to chock the wheels of the bus.

While there were no eye witnesses to the incident, the circumstances were, in our opinion, sufficient for the court to find as he did.

Appellant's fourth, fifth and sixth points of error, jointly briefed, are that the three findings of fact discussed above were against the overwhelming weight and preponderance of the evidence as to be clearly wrong.

After considering all the evidence before us we overrule these points.

Appellant is a commercial operator of large buses which are difficult to operate.

It should require very little evidence to find that a large bus parked on a sharp incline was not properly parked when it, of its own accord, rolled backward down the incline into the motel.

Appellant's seventh, eighth and ninth points are that conclusions of law 1, 2 and 3 of the trial court are erroneous. These conclusions are that there was sufficient evidence to raise the issues of appellant's negligence and of proximate cause and that appellee was entitled to judgment for its damages.

We overrule these points. Their substance has been determined in disposing of the first six points.

Appellant's last point is that the trial court erred in not making additional fact findings. We disposed of this point in our original opinion.

Finding no error in the record, we affirm the judgment of the trial court and overrule appellant's second motion for a rehearing.

Affirmed; second motion overruled.