Rickey CURRIE, Appellant,

v.

The STATE of Texas, Appellee.

No. 764–84.

Court of Criminal Appeals of Texas,
En Banc.

June 19, 1985.

Gary P. Patton, Denton, for appellant.

Jerry Cobb, Dist. Atty., and Fred Marsh and Jim E. Crouch, Asst. Dist. Attys., Denton, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

ONION, Presiding Judge.

Indicted for murder, the appellant was convicted by a jury of the lesser included offense of involuntary manslaughter. Enhanced by two prior felony convictions, alleged and proved, the punishment was assessed at life imprisonment. See V.T.C.A., Penal Code, § 12.42(d), prior to the 1983 amendment (Acts 1983, 68th Leg., p. 1750, ch. 339, § 1, eff. Sept. 1, 1983).

On appeal appellant raised eight grounds of error. In his third ground of error appellant contended:

"The court committed reversible error in failing to admit evidence of the aggressive and violent nature of the deceased into evidence."

Although appellant did not testify, the issue of self-defense was raised by other witnesses, and submitted as a defensive issue to the jury. Appellant split his third ground of error into three parts contending the court erred in refusing to permit him to introduce: (1) records of the Denton City Police Department concerning the deceased, Danny Ray Revels, (2) testimony of a police officer as to the reputation of the deceased in the community, and (3) the records and testimony of the investigating officer concerning a prior incident between the appellant and the deceased.

On appeal the Ft. Worth Court of Appeals reversed the conviction after considering the third ground of error. The court in an unpublished opinion found that the trial court erred as to refusing to admit the evidence referred to in (1) and (3) above. *Currie v. State* (No. 2–81–119–CR, May 2, 1984).

We granted the State's petition for discretionary review to determine the correctness of the holding of the Court of Appeals.[1]

In *Dempsey v. State*, 159 Tex.Cr.R. 602, 266 S.W.2d 875, 877, 878 (1954), a murder case where the appellant personally testified he acted in self-defense, this Court stated:

"The defense may offer testimony as to any specific act of violence or misconduct which evidences the violent character of the deceased under the following conditions:

"If offered for the purpose of showing the reasonableness of defendant's claim of apprehension of danger, it must further appear that the acts of violence or misconduct were known to the defendant at the time of the homicide.

"But if offered for the purpose of showing that the deceased was in fact the aggressor (not that the defendant thought the deceased was making or about to make an attack) the witness must know but it need not be shown that appellant had knowledge of the acts of violence of the deceased at the time of the homicide.

"Before any evidence of deceased's character for violence becomes admissible, however, there must be evidence of some act of aggression by the deceased which the character evidence tends to explain (such as drawing a gun or reaching for a pocket where one is usually carried).

See also *Lewis v. State*, 463 S.W.2d 186 (Tex.Cr.App.1971); *Beecham v. State*, 580

---

1. We originally granted State's ground of review No. 1, and now grant and consider ground of review No. 2 under Texas Rules of Post Trial and Appellate Procedure in Criminal Cases, Rule 303(a) and (d).

S.W.2d 588, 590 (Tex.Cr.App.1979), and cases there cited; *Lowe v. State*, 612 S.W.2d 579 (Tex.Cr.App.1981); *Thompson v. State*, 659 S.W.2d 649 (Tex.Cr.App.1983).

Appellant, under the third ground of error, urged the court erred in not admitting evidence of the police records of the deceased concerning arrests and investigations for resisting arrest, simple assault, carrying various prohibited weapons (including a gun and brass knuckles) and assault to murder, etc. The appellant offered these records to show "who was in fact the aggressor." The Court of Appeals agreed error was committed except as to the record pertaining to carrying a prohibited weapon which is not per se a "violent" or "aggressive" act of and by itself. *Johnson v. State*, 650 S.W.2d 414 (Tex.Cr.App.1983); *Thompson*, supra at p. 654.

After an examination of the record, we cannot conclude the Court of Appeals was correct. After the State rested its case-in-chief, and in the jury's absence, the prosecutor called the court's attention to the fact that he believed the appellant expected to offer evidence of the "criminal nature" of the deceased by witnesses other than the appellant. The court expressed the opinion the character and reputation of the deceased was not relevant at that point. Appellant's counsel stated the evidence of the police records clerk and Officer Bill Cummings would go to show that the deceased was an aggressive type person in certain instances, whether the appellant knew about those instances or not. The court indicated he would not permit the evidence "at this stage" but that counsel could perfect bills of exception as to such evidence.

Thereafter at no time during the trial did appellant call as a witness the police records clerk or attempt to lay the proper predicate for the introduction of the police records. At no time was an informal bill of exception perfected nor was there a proffer of evidence made. See Article 40.09, § 6(d)(1), V.A.C.C.P.

After sentencing, the appellant filed a "formal" bill of exception. It was neither approved nor qualified by the trial judge. It was not acted upon at all. Thus it was apparently approved under Article 40.09, § 6(a), in effect at the time (1980). The bill shows on its face that the evidence contained therein was never presented to the trial judge during the trial. It reflects what Virginia Gwinner, police records clerk, *would have testified* concerning the predicate to the admissibility of some 40 odd pages of police records attached. It then stated the exhibits would have *then* been offered into evidence.

■ Although a timely filed bill of exception not acted upon by the trial court is deemed approved without qualification, a bill of exception must be complete within itself and must stand or fall by its own allegations and must plainly set out any error sought to be preserved for review. *Garza v. State*, 622 S.W.2d 85 (Tex.Cr.App. 1980).

Article 40.09, § 6(a), provides in part that:

"(a) A party desiring to have the record disclose some action, testimony, evidence, proceeding, objection, exception, or *other event or occurrence* not otherwise shown by the record may utilize a bill of exception for this purpose." (Emphasis supplied.)

■ It is clear that a formal bill of exception may be used to reflect an event or occurrence during the trial not otherwise shown by the record, but not an event that did not occur. The error, if any, was not preserved for review. Still further, as earlier noted, the only discussion about the admissibility of the police reports came immediately after the State rested his case-in-chief. The court indicated he would not admit the evidence "at this stage." At that point appellant's defense of self-defense had not been established, and as *Dempsey* made clear, before evidence of deceased's character for violence becomes admissible there must be evidence of some act of aggression by the deceased at the time of the offense which the character evidence tends to explain, such as drawing a gun or knife or reaching for a pocket where one is

usually carried. The trial court's ruling was not in error at the time. If later evidence called for a different ruling, the police reports were not again mentioned. The court did not err in failing to admit the police reports into evidence.

The Court of Appeals also held, under ground of error number three, that the trial court erred in refusing to admit a police record of a complaint filed by appellant against the deceased concerning a prior incident and further the testimony of the investigating officer regarding "advice" that the officer gave appellant at that time.

The testimony of Officer Bill Cummings was mentioned when the State rested and the court indicated it was not admissible but the appellant could perfect a bill of exception. After Cummings testified for the defense as to a chain of custody matter, he was later called for the purpose of an informal bill of exception which shows:

"Q   Let me show you what's been marked as Defense Exhibit No. 1, can you identify that?

"A   Yes.  It is a copy of the original we got on file at the police department.

"Q   And that is an original of what?

"A   Original assault crime sheet.

"Q   Have you seen that before?

"A   Yes, I have.

"Q   And when was that?

"A   On August the 9th of '79, I believe.

"Q   Okay.  Did you have occasion to discuss the allegations in that report with Rickey Currie?

"A   Yes, I did.

" *  *  *

"Q   Could you just tell us what your conversation with Mr. Currie was?

"A   Okay.  He come in on the offense report, I told him he would have to give a statement, and he did give a sworn statement.

"Q   Was there any other conversation with him?

"A   Yes, there was.

"Q   What was that?

"A   I don't recall the total conversation, but I believe he said something about the guy trying to kill him.

"Q   And did you respond to that in any way?

"A   He asked me what he should do, and I said, 'If someone is trying to kill you, you got the right to defend yourself.'

"MR. PATTON (Appellant's counsel): That's all, Your Honor.

"MR. MARSH (Prosecutor):  I have no questions.

"THE COURT: All right.  I'm going to continue my ruling and not allow that testimony to go before the jury."

■ It is first observed that defense exhibit number one was not offered for the purpose of the bill.  It was marked for identification elsewhere in the record, but it was never offered or admitted into evidence during the entire trial as reflected by the index in the transcription of the court reporter's notes.  The Court of Appeals, referring to the contents of the written statement appellant gave to the police about the prior incident, held the "records" were official and probative of "what the defendant thought" and "who was the aggressor" and that the trial court erred in excluding the "records."  Since defense exhibit number one was never offered, the Court of Appeals was in error.  It appears the Court of Appeals found the contents of the written statement or complaint among the attached police reports to the "formal" bill of exception which we have concluded was not properly utilized.

■ The Court of Appeals also held the trial court erred in excluding Officer Cummings' testimony he believed that appellant said something about "the guy" trying to kill him, and upon inquiry advised the appellant he had the right to defend himself. It is observed that the "guy" was never identified and the exhibit was never offered.  If the testimony was offered as to a specific act of violence or misconduct on the part of the deceased under the rule in *Dempsey*, it is clear the deceased was not identified in the excluded testimony.  The

trial court did not err in refusing the testimony as reflected by the informal bill of exception. If it can be argued otherwise, it is observed that other undisputed evidence reflects appellant stated to other individuals that on the prior occasion the deceased was trying to kill him. Further, we do not believe the officer's "advice" was absolutely admissible under the *Dempsey* rule. If admissible, the exclusion of the officer's testimony was harmless error beyond a reasonable doubt given the circumstances of the case. The Court of Appeals was in error.

We do agree with the Court of Appeals that another police officer was not shown to be properly qualified to testify as to the deceased's general reputation. For the reasons stated, we find no reversible error in any of the three parts of appellant's third ground of error.

The judgment of the Court of Appeals is reversed and the cause remanded for consideration of the remaining grounds of error.

CLINTON and MILLER, JJ., dissent.