In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-02-00025-CR


______________________________




JOSE JESUS GONZALEZ MORALES, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 194th Judicial District Court


Dallas County, Texas


Trial Court No. F00-32002-SM




 




Before Morriss, C.J., Grant and Ross, JJ.


Opinion by Justice Ross



O P I N I O N



 Jose Jesus Gonzalez Morales has filed a motion asking this Court to dismiss his
appeal. Pursuant to Tex. R. App. P. 42.2(a), his motion is granted.

 The appeal is dismissed.



 Donald R. Ross

 Justice


Date Submitted: October 15, 2002

Date Decided: October 16, 2002


Do Not Publish



in m:val="before"/>
 
 
 
 
 
 
 
 
 
 












 
 
 
 
 
 
 




 

 

 

 

 

 

 

 

 

                                                         In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No.
06-10-00028-CV

                                                ______________________________

 

 

 

                                                                        IN
RE:

WENDELL
WATSON

 

 

                                                                                                  


 

                                                                                                                            


                                                     Original
Mandamus Proceeding

 

                                                                                                  


 

 

 

 

                                          Before
Morriss, C.J., Carter and Moseley, JJ.

                                        Memorandum
Opinion by Chief Justice Morriss

                                                                              

                                                                              








                                                      MEMORANDUM
OPINION

 

            In what he called a Formal Bill of
Exceptions, relator Wendell Watson made a number of requests to the trial
court.  None of those requests seek to
make part of the record any evidence excluded at trial or any event or action
that happened at trial but which would not otherwise be noted in the
record.  For that reason, we conclude
that Watsons pleading to the trial court is not a Formal Bill of Exceptions
and that, therefore, his petition for a writ of mandamus ordering the trial
court to rule on his bill must fail.

            Final summary judgment had
previously been issued against Watson. 
After a pleading called a motion for new trial was denied, Watson filed
with the trial court his Amended Formal Bill of Exception.  The trial court apparently has taken no
action on Watsons latest pleading, prompting this petition for writ of
mandamus complaining of the trial courts failure to act as set forth in Rule
33.2 of the Texas Rules of Appellate Procedure. 
See Tex. R. App. P. 33.2.

            We grant the extraordinary relief of
mandamus only when the trial court has clearly abused its discretion or violated a duty imposed by
law, and the relator lacks an adequate appellate
remedy.  In re Team Rocket, L.P., 256 S.W.3d 257, 259 (Tex. 2008) (orig.
proceeding); State
v. Walker, 679
S.W.2d 484, 485 (Tex. 1984) (orig. proceeding). 
Due to the nature of this remedy, it is Watsons burden to properly
request and show entitlement to the mandamus relief.  See generally Johnson v. Fourth
District Court of Appeals, 700 S.W.2d 916, 917 (Tex. 1985) (orig.
proceeding); Barnes v. State, 832 S.W.2d 424, 426 (Tex. App.Houston
[1st Dist.] 1992, orig. proceeding) (Even a pro se applicant for a writ of
mandamus must show himself entitled to the extraordinary relief he seeks.).  

            Mandamus relief requires the
existence of a legal duty of the trial court to perform a nondiscretionary
act.  In
re Blakeney, 254 S.W.3d 659, 661 (Tex. App.Texarkana 2008, orig.
proceeding).  Rule 33.2 outlines the
proper procedure.  The complaining party
must first present a formal bill of exception to the trial court.  Tex. R. App. P. 33.2(c).  A formal bill of exception is a memorial of
matters occurring at trial which would not otherwise appear in the record.  Tex. R. App. P. 33.2; Continental Trailways, Inc. v. McCandless, 450 S.W.2d 707, 710
(Tex. Civ. App. 1969); Currie v. State,
692 S.W.2d 95, 97 (Tex. Crim. App. 1985) (en banc) (It is clear that a formal
bill of exception may be used to reflect an event or occurrence during the
trial not otherwise shown by the record, but not an event that did not occur.).  It is typically used to preserve excluded
evidence or clarify or memorialize proceedings or rulings not contained within
the record.  Villarreal v. State, 205 S.W.3d 103, 106 n.2 (Tex. App.Texarkana
2006, pet. dismd, untimely filed); Hooks
v. State, 203 S.W.3d 861, 864 (Tex. App.Texarkana 2006, pet. refd).   Although
[n]o particular form of words is required in a bill of exception, the
objection to the courts ruling or action, and the ruling complained of, must
be stated with sufficient specificity to make the trial court aware of the
complaint.  Tex. R. App. P. 33.2(a).  Only when this step is met does the trial
court have a requirement to act.  It may
either sign the formal bill of exception if the parties agree on its contents,
or hold a hearing to determine whether to sign the bill or suggest changes
which the judge believes are necessary to make it accurately reflect the
proceedings in the trial court.  Tex. R. App. P.
33.2(c)(2)(A), (B).

            The substance of a document, rather
than its form or title, determines its true nature.  Tex.
R. Civ. P. 71; In re Samford,
249 S.W.3d 761, 764 (Tex. App.Texarkana 2008, orig. proceeding).  Watsons Amended Formal Bill of Exception
is a formal bill of exception in name only. 
It does not complain of excluded evidence or matters occurring at trial
but not memorialized in the record, and does not address a particular ruling
made by the trial court with sufficient specificity to make the trial court
aware of the complaint.

            In the bill, Watson asks the trial
court to give some leeway and take judicial notice that he was suffering from
a serious medical condition before and at the time of entry of the summary
judgment against him.  Watson complains
that the defendants in the underlying actions and the court coordinator set the
summary judgment motion outside of the limits imposed by the notice of docket
call, and accuses the defendants of violations of the Texas Rules of Evidence
due to their illegal and fraudulent introduction of prejudicial evidence in
the form of past criminal history and settlement negotiations.  Watson then asks the court to take judicial
notice of an investigative report on national television . . . concerning the
seeding of the Texas Judiciary with business friendly judges, which Watson
argues is newly discovered evidence.[1]  He also accuses the judge and the court
coordinator of engaging in treasonable acts including an illegal conspiracy by
the wealthy business interest of this State, and asks the court to seek an
investigation by the State Attorney Generals Office.  Watson asks that the summary judgment be
vacated as the court is not expected to remain and rule in an impartial manner
while the Texas judiciary is held hostage by business interests who hold an axe
over the judges of this State to show partiality to them or face a Hollywood
enhanced candidate in their next reelection.   


            A bill of exception is not a
motion.  Watsons Formal Bill of Exception
reads like a motion for new trial.  It is
not a memorial of excluded evidence or matters occurring at trial which would
not otherwise appear in the record, and is not a reflection of the proceedings
in the trial court.  Tex. R. App. P.
33.2; McCandless, 450 S.W.2d at
710.  When read together, Watsons bill
of exception does not specifically object to a particular ruling or action made
by the trial court.  Instead, it asks for
the trial court to take certain actions not previously sought.  Because Watson did not present the trial
court with a formal bill of exception, the court did not have a ministerial
duty to act on it.  Moreover, the
complaints addressed in Watsons bill of exception can be addressed, if
preserved, on direct appeal.

 

 

 

 

 

            Watson
has not met his burden to properly
request and show entitlement to mandamus relief.  We,
therefore, deny his petition for writ of mandamus.

 

                                                                        

                                                                                    Josh
R. Morriss, III

                                                                                    Chief
Justice

 

Date
Submitted:          May 4, 2010

Date
Decided:             May 5, 2010











[1]Watson attaches several exhibits
and affidavits to his bill of exceptions. 
Where the record contains the evidence excluded, a trial judges failure
to rule or hold a hearing on a formal bill of exceptions is not harmful.  Hooks,
203 S.W.3d at 864 (suggesting trial courts failure to rule is an appealable
issue).