In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No.
06-10-00028-CV

                                                ______________________________

 

 

 

                                                                        IN
RE:

WENDELL
WATSON

 

 

                                                                                                  


 

                                                                                                                            


                                                     Original
Mandamus Proceeding

 

                                                                                                  


 

 

 

 

                                          Before
Morriss, C.J., Carter and Moseley, JJ.

                                        Memorandum
Opinion by Chief Justice Morriss

                                                                              

                                                                              








                                                      MEMORANDUM
OPINION

 

            In what he called a “Formal Bill of
Exceptions,” relator Wendell Watson made a number of requests to the trial
court.  None of those requests seek to
make part of the record any evidence excluded at trial or any event or action
that happened at trial but which would not otherwise be noted in the
record.  For that reason, we conclude
that Watson’s pleading to the trial court is not a Formal Bill of Exceptions
and that, therefore, his petition for a writ of mandamus ordering the trial
court to rule on his “bill” must fail.

            Final summary judgment had
previously been issued against Watson. 
After a pleading called a motion for new trial was denied, Watson filed
with the trial court his “Amended Formal Bill of Exception.”  The trial court apparently has taken no
action on Watson’s latest pleading, prompting this petition for writ of
mandamus complaining of the trial court’s failure to act as set forth in Rule
33.2 of the Texas Rules of Appellate Procedure. 
See Tex. R. App. P. 33.2.

            We grant the extraordinary relief of
mandamus only when the trial court has clearly abused its discretion or violated a duty imposed by
law, and the relator lacks an adequate appellate
remedy.  In re Team Rocket, L.P., 256 S.W.3d 257, 259 (Tex. 2008) (orig.
proceeding); State
v. Walker, 679
S.W.2d 484, 485 (Tex. 1984) (orig. proceeding). 
Due to the nature of this remedy, it is Watson’s burden to properly
request and show entitlement to the mandamus relief.  See generally Johnson v. Fourth
District Court of Appeals, 700 S.W.2d 916, 917 (Tex. 1985) (orig.
proceeding); Barnes v. State, 832 S.W.2d 424, 426 (Tex. App.—Houston
[1st Dist.] 1992, orig. proceeding) (“Even a pro se applicant for a writ of
mandamus must show himself entitled to the extraordinary relief he seeks.”).  

            Mandamus relief requires the
existence of a legal duty of the trial court to perform a nondiscretionary
act.  In
re Blakeney, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig.
proceeding).  Rule 33.2 outlines the
proper procedure.  “The complaining party
must first present a formal bill of exception to the trial court.”  Tex. R. App. P. 33.2(c).  A formal bill of exception is a memorial of
matters occurring at trial which “would not otherwise appear in the record.”  Tex. R. App. P. 33.2; Continental Trailways, Inc. v. McCandless, 450 S.W.2d 707, 710
(Tex. Civ. App. 1969); Currie v. State,
692 S.W.2d 95, 97 (Tex. Crim. App. 1985) (en banc) (“It is clear that a formal
bill of exception may be used to reflect an event or occurrence during the
trial not otherwise shown by the record, but not an event that did not occur.”).  It is typically used to preserve excluded
evidence or clarify or memorialize proceedings or rulings not contained within
the record.  Villarreal v. State, 205 S.W.3d 103, 106 n.2 (Tex. App.—Texarkana
2006, pet. dism’d, untimely filed); Hooks
v. State, 203 S.W.3d 861, 864 (Tex. App.—Texarkana 2006, pet. ref’d).   Although
“[n]o particular form of words is required in a bill of exception,” “the
objection to the court’s ruling or action, and the ruling complained of, must
be stated with sufficient specificity to make the trial court aware of the
complaint.”  Tex. R. App. P. 33.2(a).  Only when this step is met does the trial
court have a requirement to act.  It may
either sign the formal bill of exception if the parties agree on its contents,
or hold a hearing to determine whether to sign the bill or suggest changes
which the “judge believes are necessary to make it accurately reflect the
proceedings in the trial court.”  Tex. R. App. P.
33.2(c)(2)(A), (B).

            The substance of a document, rather
than its form or title, determines its true nature.  Tex.
R. Civ. P. 71; In re Samford,
249 S.W.3d 761, 764 (Tex. App.—Texarkana 2008, orig. proceeding).  Watson’s “Amended Formal Bill of Exception”
is a formal bill of exception in name only. 
It does not complain of excluded evidence or matters occurring at trial
but not memorialized in the record, and does not address a particular ruling
made by the trial court with sufficient specificity to make the trial court
aware of the complaint.

            In the bill, Watson asks the trial
court to “give some leeway” and take judicial notice that he was suffering from
a serious medical condition before and at the time of entry of the summary
judgment against him.  Watson complains
that the defendants in the underlying actions and the court coordinator set the
summary judgment motion “outside of the limits imposed by the notice of docket
call,” and accuses the defendants of violations of the Texas Rules of Evidence
due to their “illegal and fraudulent introduction of prejudicial evidence” in
the form of past criminal history and settlement negotiations.  Watson then asks the court to take judicial
notice of an “investigative report on national television . . . concerning the
seeding of the Texas Judiciary with ‘business friendly’ judges,” which Watson
argues is newly discovered evidence.[1]  He also accuses the judge and the court
coordinator of engaging in treasonable acts including “an illegal conspiracy by
the wealthy business interest of this State,” and asks the court to “seek an
investigation by the State Attorney General’s Office.”  Watson asks that the summary judgment be
vacated as the court is not “expected to remain and rule in an impartial manner
while the Texas judiciary is held hostage by business interests who hold an axe
over the judges of this State to show partiality to them or face a Hollywood
enhanced candidate in their next reelection.”   


            A bill of exception is not a
motion.  Watson’s Formal Bill of Exception
reads like a motion for new trial.  It is
not a memorial of excluded evidence or matters occurring at trial which “would
not otherwise appear in the record,” and is not a reflection of the proceedings
in the trial court.  Tex. R. App. P.
33.2; McCandless, 450 S.W.2d at
710.  When read together, Watson’s bill
of exception does not specifically object to a particular ruling or action made
by the trial court.  Instead, it asks for
the trial court to take certain actions not previously sought.  Because Watson did not present the trial
court with a formal bill of exception, the court did not have a ministerial
duty to act on it.  Moreover, the
complaints addressed in Watson’s bill of exception can be addressed, if
preserved, on direct appeal.

 

 

 

 

 

            Watson
has not met his burden to properly
request and show entitlement to mandamus relief.  We,
therefore, deny his petition for writ of mandamus.

 

                                                                        

                                                                                    Josh
R. Morriss, III

                                                                                    Chief
Justice

 

Date
Submitted:          May 4, 2010

Date
Decided:             May 5, 2010











[1]Watson attaches several exhibits
and affidavits to his “bill of exceptions.” 
Where the record contains the evidence excluded, a trial judge’s failure
to rule or hold a hearing on a formal bill of exceptions is not harmful.  Hooks,
203 S.W.3d at 864 (suggesting trial court’s failure to rule is an appealable
issue).








nsel's action through hindsight, and the record is silent
as to their strategy in making this decision. 

 In the absence of a record from which we could discern whether Thomas met the
second prong of the Strickland standard, we must necessarily hold that he has failed to
demonstrate ineffective assistance of counsel at the punishment phase of his trial.

 We affirm the judgment.



 Donald R. Ross

 Justice


Date Submitted: October 17, 2001

Date Decided: February 5, 2002


Do Not Publish


 



 
1. This vehicle was described as "a very large truck," a van, and "a big red delivery
truck." 
2. The Texas Court of Criminal Appeals has noted that rarely will an appellate court
have the opportunity to make its determination regarding ineffective assistance of counsel
on a direct appeal, because such a record may well contain less than adequate inquiry into
possible tactical reasons for actions or omissions of counsel and may completely lack
counsel's own explanation for his actions or inactions. An appellant complaining of
ineffective assistance of counsel should take special care the record contains all available
information regarding the claim. Thompson v. State, 9 S.W.3d 808, 813 n.5 (Tex. Crim.
App. 1999).
3. But see Gochicoa v. Johnson, 53 F.Supp.2d 943, 955-56 (W.D. Tex. 1999), a
habeas case involving a state court conviction for possession of heroin, holding that
counsel's failure to file proper motions to seek the identity of a confidential informant, along
with permitting a prosecution witness to give hearsay testimony, deprived the petitioner of
the effective assistance of counsel. The Fifth Circuit reversed this holding, however, in
Gochicoa v. Johnson, 238 F.3d 278 (5th Cir. 2000). The Fifth Circuit held the district court
had used the wrong standard of review in its determination, finding that under Strickland
v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the defendant was
not prejudiced by his attorney's alleged failures. Gochicoa, 238 F.3d at 285. The Fifth
Circuit opinion contains no specific discussion of the district court's ruling regarding
disclosure of the confidential informant. However, we note from reviewing both opinions
that in Gochicoa the testimony of the confidential informant was crucial to the prosecution,
which was not the situation here.
4. Standing alone, a suspect's attempt to walk away or flee from
a police officer is generally not sufficient to create probable
cause, even if the suspect flees in a high crime neighborhood.
However, in combination with other facts and circumstances,
flight from an officer may create probable cause where the
defendant persistently attempts to evade capture. 


United States v. Wadley, 59 F.3d 510, 512 (5th Cir. 1995) (citations omitted). 
5. The prosecutor's remarks: 


 Now, Mr. Boyd testified that the defendant - - he's never known the
defendant to sell or possess cocaine. He said that. But we know that's not
true; don't we? The defendant has a 1999 conviction for possession of a
controlled substance. We also know that in January of this year he was
arrested for the very same offense, not to mention this particular charge that
he's on trial for. 


 Now, I ask you, someone who already has a felony conviction for
drugs, has a January of this year arrest for possession of cocaine, and this
case, do you really think that it's a coincidence that he's the one that's
arrested, that he's the one that runs?


(Emphasis added.)
6. The State's concession: "Considering the evidence presented regarding appellant's
prior conviction for possession of cocaine, it seems unlikely that a reference to his recent
arrest alone would have resulted in a different outcome in this case." 
7. Almanza v. State, 686 S.W.2d 157, 171-74 (Tex. Crim. App. 1984) (op. on reh'g).
8. Vela v. Estelle, 708 F.2d 954, 964 (5th Cir. 1983).