

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-10-00028-CV
_____

IN RE:
WENDELL WATSON

Original Mandamus Proceeding

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

In what he called a "Formal Bill of Exceptions," relator Wendell Watson made a number of requests to the trial court. None of those requests seek to make part of the record any evidence excluded at trial or any event or action that happened at trial but which would not otherwise be noted in the record. For that reason, we conclude that Watson's pleading to the trial court is not a Formal Bill of Exceptions and that, therefore, his petition for a writ of mandamus ordering the trial court to rule on his "bill" must fail.

Final summary judgment had previously been issued against Watson. After a pleading called a motion for new trial was denied, Watson filed with the trial court his "Amended Formal Bill of Exception." The trial court apparently has taken no action on Watson's latest pleading, prompting this petition for writ of mandamus complaining of the trial court's failure to act as set forth in Rule 33.2 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 33.2.

We grant the extraordinary relief of mandamus only when the trial court has clearly abused its discretion or violated a duty imposed by law, and the relator lacks an adequate appellate remedy. *In re Team Rocket, L.P.*, 256 S.W.3d 257, 259 (Tex. 2008) (orig. proceeding); *State v. Walker*, 679 S.W.2d 484, 485 (Tex. 1984) (orig. proceeding). Due to the nature of this remedy, it is Watson's burden to properly request and show entitlement to the mandamus relief. *See generally Johnson v. Fourth District Court of Appeals*, 700 S.W.2d 916, 917 (Tex. 1985) (orig. proceeding); *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig.

2

proceeding) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks.").

Mandamus relief requires the existence of a legal duty of the trial court to perform a nondiscretionary act. *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding). Rule 33.2 outlines the proper procedure. "The complaining party must first present a formal bill of exception to the trial court." TEX. R. APP. P. 33.2(c). A formal bill of exception is a memorial of matters occurring at trial which "would not otherwise appear in the record." TEX. R. APP. P. 33.2; *Continental Trailways, Inc. v. McCandless*, 450 S.W.2d 707, 710 (Tex. Civ. App. 1969); *Currie v. State*, 692 S.W.2d 95, 97 (Tex. Crim. App. 1985) (en banc) ("It is clear that a formal bill of exception may be used to reflect an event or occurrence during the trial not otherwise shown by the record, but not an event that did not occur."). It is typically used to preserve excluded evidence or clarify or memorialize proceedings or rulings not contained within the record. *Villarreal v. State*, 205 S.W.3d 103, 106 n.2 (Tex. App.—Texarkana 2006, pet. dism'd, untimely filed); *Hooks v. State*, 203 S.W.3d 861, 864 (Tex. App.—Texarkana 2006, pet. ref'd). Although "[n]o particular form of words is required in a bill of exception," "the objection to the court's ruling or action, and the ruling complained of, must be stated with sufficient specificity to make the trial court aware of the complaint." TEX. R. APP. P. 33.2(a). Only when this step is met does the trial court have a requirement to act. It may either sign the formal bill of exception if the parties agree on its contents, or hold a hearing to determine whether to sign the bill

3

or suggest changes which the "judge believes are necessary to make it accurately reflect the proceedings in the trial court." TEX. R. APP. P. 33.2(c)(2)(A), (B).

The substance of a document, rather than its form or title, determines its true nature. TEX. R. CIV. P. 71; *In re Samford*, 249 S.W.3d 761, 764 (Tex. App.—Texarkana 2008, orig. proceeding). Watson's "Amended Formal Bill of Exception" is a formal bill of exception in name only. It does not complain of excluded evidence or matters occurring at trial but not memorialized in the record, and does not address a particular ruling made by the trial court with sufficient specificity to make the trial court aware of the complaint.

In the bill, Watson asks the trial court to "give some leeway" and take judicial notice that he was suffering from a serious medical condition before and at the time of entry of the summary judgment against him. Watson complains that the defendants in the underlying actions and the court coordinator set the summary judgment motion "outside of the limits imposed by the notice of docket call," and accuses the defendants of violations of the Texas Rules of Evidence due to their "illegal and fraudulent introduction of prejudicial evidence" in the form of past criminal history and settlement negotiations. Watson then asks the court to take judicial notice of an "investigative report on national television . . . concerning the seeding of the Texas Judiciary with 'business friendly' judges," which Watson argues is newly discovered evidence.[1] He also accuses the judge and the court coordinator of engaging in treasonable acts including "an illegal

---

[1]Watson attaches several exhibits and affidavits to his "bill of exceptions." Where the record contains the evidence excluded, a trial judge's failure to rule or hold a hearing on a formal bill of exceptions is not harmful. *Hooks*, 203 S.W.3d at 864 (suggesting trial court's failure to rule is an appealable issue).

conspiracy by the wealthy business interest of this State," and asks the court to "seek an investigation by the State Attorney General's Office." Watson asks that the summary judgment be vacated as the court is not "expected to remain and rule in an impartial manner while the Texas judiciary is held hostage by business interests who hold an axe over the judges of this State to show partiality to them or face a Hollywood enhanced candidate in their next reelection."

A bill of exception is not a motion. Watson's Formal Bill of Exception reads like a motion for new trial. It is not a memorial of excluded evidence or matters occurring at trial which "would not otherwise appear in the record," and is not a reflection of the proceedings in the trial court. TEX. R. APP. P. 33.2; *McCandless*, 450 S.W.2d at 710. When read together, Watson's bill of exception does not specifically object to a particular ruling or action made by the trial court. Instead, it asks for the trial court to take certain actions not previously sought. Because Watson did not present the trial court with a formal bill of exception, the court did not have a ministerial duty to act on it. Moreover, the complaints addressed in Watson's bill of exception can be addressed, if preserved, on direct appeal.

Watson has not met his burden to properly request and show entitlement to mandamus relief. We, therefore, deny his petition for writ of mandamus.

Josh R. Morriss, III
Chief Justice

Date Submitted: May 4, 2010
Date Decided: May 5, 2010

6