R99718.aa1; Rodriguez v. SOT



NUMBER 13-99-718-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

____________________________________________________________________

MARCO ANTONIO GONZALEZ RODRIGUEZ, A/K/A DAVID MACIEL GARCIA, A/K/A 

ERIC LINARES VILLA, Appellant,


v.



THE STATE OF TEXAS, Appellee.

____________________________________________________________________


On appeal from the 138th District Court of Cameron County, Texas.

____________________________________________________________________


MEMORANDUM OPINION

Before Justices Hinojosa, Yañez, and Chavez (1)

Opinion by Justice Hinojosa


A jury found appellant, Marco Antonio Gonzalez Rodriguez, a/k/a David Maciel Garcia, a/k/a Eric Linares Villa, guilty of
the offense of murder (2) and assessed his punishment at life imprisonment and a $5,000 fine. (3) Appellant contends the trial
court erred by: (1) not admitting evidence of an extraneous offense allegedly committed by the victim, and (2) admitting
evidence during the punishment phase of an extraneous aggravated assault committed by appellant, without first making a
determination that the extraneous offense could be proved beyond a reasonable doubt. We affirm.

As this is a memorandum opinion not designated for publication and the parties are familiar with the facts, we will not
recite them here. See Tex. R. App. P. 47.1. 

A. Denial of Evidence of Victim's Extraneous Offense

In his first issue, appellant contends the trial court erred in not admitting evidence of an extraneous offense allegedly
committed by the victim.

A trial judge has broad discretion in admitting or excluding evidence. Mozon v. State, 991 S.W.2d 841, 846 (Tex. Crim.
App. 1999). Evidence of a person's character is generally inadmissible. Tex. R. Evid. 404(a). However, a victim's
extraneous acts of violence may be admissible to show the defendant's state of mind, i.e., that the defendant knew the
victim had committed violent acts in the past and it was, therefore, reasonable for the defendant to believe that force was
necessary to protect himself. Tex. R. Evid. 404(b); Mozon, 991 S.W.2d at 845. Such evidence is relevant under this theory
if the defendant knew of the victim's acts of violence. Mozon, 991 S.W.2d at 845. In this case, the evidence established
that the defendant and the victim, Richard Russell, did not know each other.

Evidence of the victim's violent character is also relevant to support a claim that the victim was the first aggressor, even if
the defendant was unaware of the victim's violent character. Tex. R. Evid. 404(b); Mozon, 991 S.W.2d at 845. However,
for this theory to apply, the defendant must first offer evidence of an actual act of aggression by the victim at the time of the
offense. Currie v. State, 692 S.W.2d 95, 97-98 (Tex. Crim. App. 1985).

At trial, appellant did not adduce evidence that the victim was the first aggressor, or that he acted aggressively. Therefore,
appellant was not entitled to offer evidence of extraneous acts of violence by the victim. Appellant's first issue is
overruled.

B. Admission of Extraneous Offense Evidence During Punishment Phase

 In his second issue, appellant asserts the trial court erred in admitting evidence of an extraneous offense, without first
determining if it could be proved beyond a reasonable doubt.

The State may introduce evidence of the defendant's "extraneous crime or bad act that is shown beyond a reasonable doubt
by evidence to have been committed by the defendant." Tex. Code Crim. Proc. Ann. art. 37.07, §3(a)(Vernon Supp. 2001). 

[Article 37.07] requires that such evidence may not be considered in assessing punishment until the fact finder is satisfied
beyond a reasonable doubt that these prior acts are attributable to the defendant. Once this requirement is met, the fact
finder may use the evidence however it chooses in assessing punishment.

Fields v. State, 1 S.W.3d 687, 688 (Tex. Crim. App. 1999). The jury in this case was instructed that in determining
punishment it could "consider any other evidence of an extraneous crime or bad act that is shown beyond a reasonable
doubt by the evidence to have been committed by the defendant." See Huizar v. State, 12 S.W.3d 479, 484 (Tex. Crim.
App. 2000) (it is erroneous for a trial judge to fail to include this charge, even if the defendant has failed to make a proper
objection or request). There is no requirement that the trial court make a pre-admission determination that the extraneous
evidence can be proved beyond a reasonable doubt. Appellant's second issue is overruled.

The judgment of the trial court is affirmed.



FEDERICO G. HINOJOSA

Justice




Do not publish. Tex. R. App. P. 47.3.

Opinion delivered and filed this

the 21st day of June, 2001.

1. Retired Justice Melchor Chavez, assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to
Tex. Gov't Code Ann. § 74.003 (Vernon 1998).

2. See Tex. Pen. Code Ann. § 19.02(b)(Vernon 1994).

3. See Tex. Pen. Code Ann. § 12.32 (Vernon 1994).